## (June 18, 1963)

■ ANITA HOBAN et al., Respondents, v. FAIRFIELD W. HOBAN et al., Appellants.— Judgment in favor of plaintiffs unanimously reversed, on the law and upon the facts and in the exercise of discretion, and a new trial ordered, with costs to abide the event (see 18 A D 2d 985). Concur — Rabin, J. P., McNally, Stevens, Eager and Bergan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. RICHARD A. GRUBEL et al., Defendants. ABRAHAM DOLLINGER, Respondent; SIDNEY J. LIFTIN, Appellant.— Order, entered on October 22, 1962, appointing a private Referee to examine the account, unanimously modified, on the law, on the facts and in the exercise of discretion, by striking therefrom the third decretal paragraph and providing in lieu thereof for the appointment of a court employed Special Referee to take and state the account, and, as so modified, affirmed, with $20 costs and disbursements to appellant payable out of the estate. In commenting upon the propriety of appointing a Referee, we have heretofore said it is the general policy of the courts in this Department not to extend the scope or occasion of references in the absence of request or consent of the parties or of special circumstances meriting such action (*Matter of Wilder v. Straus-Duparquet*, 5 A D 2d 1, 3; *Wolfson v. McGraw & Co.*, 18 A D 2d 905; *Sheean v. Allen*, 19 A D 2d 595). In a case such as this if the court felt a Referee necessary, in the interest of protecting the assets of this estate, it should have complied with appellant's request and designated a court-employed Referee rather than a private Referee. (See, also, *Matter of Vogue Pleating & Embroidery Co.*, 11 A D 2d 358, 360; *Zakkai v. David*, 285 App. Div. 1121.) Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.

■ MICHAEL MIKAELIAN et al., Respondents, v. ROBERT R. ALDRESE, Appellant.— Appeal from order entered January 31, 1963, denying motion to dismiss for lack of prosecution, unanimously dismissed, without costs. The order denied the motion "on condition that the plaintiffs pay costs, chargeable to and paid by the attorney for the plaintiffs in the sum of $100 and notices this case for trial for the next available term after entry of this order." It appears that the defendant or his attorney has accepted and cashed a check for the costs tendered by the attorney for the plaintiffs in compliance with the order of the court. Under these circumstances, the right to appeal is waived and the appeal should be dismissed. (*Wesson v. Dullzell*, 15 A D 2d 744; *James v. Ouimet*, 283 App. Div. 819.) Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.

■ HARRY NELSON, Respondent, v. SINDOS REALTY CORP., Defendant, and NORTH SHORE ELECTRIC, INC., Appellant.— Order, entered on March 7, 1963, so far as appealed from, unanimously reversed, on the law and on the facts, with $20 costs and disbursements to the appellant, and the motion granted. No excuse for the delay of 18 months after the last pretrial proceedings was offered. Plaintiff's offer to consent to a transfer of the case to the Civil Court constitutes no excuse for a failure to proceed. Concur — Botein, P. J., McNally, Stevens, Eager and Steuer, JJ.