■ EDWARDS & HANLY, Appellant-Respondent, v SAMUEL H. SLOAN, Doing Business as SAMUEL H. SLOAN & Co., Respondent-Appellant.—Judgment, Supreme Court, New York County, entered on December 9, 1974, after trial, awarding defendant judgment in the sum of $7,267.02, unanimously modified, on the law and on the facts, to the extent of dismissing defendant's counterclaim and reducing plaintiff's recovery to $5,662.50 and, as so modified, the judgment is affirmed, without costs and without disbursements. Order entered on January 13, 1975, denying plaintiff's motion for a new trial with respect to the counterclaim, affirmed, without costs and without disbursements. The trial court improperly awarded defendant judgment on his counterclaim. The delivery by defendant of the 1,000 shares of Canadian Javelin did not, as found by the trial court, constitute a sale by defendant and transfer of title to plaintiff. Once it became apparent that defendant had, on his own behalf, engaged in short selling, as prohibited in the account, which defendant maintained with plaintiff, the latter acted properly in buying-in. When defendant thereafter delivered the 1,000 shares of Canadian Javelin, plaintiff was entitled to assert a lien thereon as pledgee. Plaintiff did not become the purchaser of the 1,000 shares. The counterclaim is dismissed. The trial court correctly validated plaintiff's action in buying the defendant in, but it miscalculated the difference between the selling and reacquisition price of the 4,000 shares of Canadian Javelin so purchased, the actual difference being only $5,662.50. Plaintiff's recovery should be so reduced. There is no merit to defendant's claim that plaintiff could not buy-in without first notifying him. Moreover, such failure to notify defendant was of no moment since defendant could not have prevented the buy-in as he did not have the shares to tender. We have examined the other contentions of defendant and find them to be without merit. Concur—Stevens, P. J., Murphy, Lupiano, Capozzoli and Nunez, JJ.

■ FRED KAPLAN et al., Respondents, v SEYMOUR KAPLAN et al., Appellants.—Orde entered July 31, 1974, in the Supreme Court, New York County, appointing a private referee to supervise disclosure proceedings, unanimously modified, on the law, on the facts, and in the exercise of discretion, by striking therefrom the second and third decretal paragraphs and substituting therefor the appointment of a court-employed Special Referee to supervise the remaining pretrial disclosure proceedings, and, as so modified the order is otherwise affirmed, without costs and without disbursements to either party. There was neither stipulation nor evidence of such circumstances as would in our opinion necessitate the appointment of a private referee. If the court felt that a referee should be appointed, it should have designated a court-employed Special Referee (CPLR 3104, subd [a]; *People v Grubel,* 19 AD2d 604; *Brooks, Hampton, Levy & Walker v Balaban,* 22 AD2d 679). Concur—Stevens, P. J., Markewich, Lupiano, Lane and Nunez, JJ.