■ HELEN RODRIGUEZ, Respondent, v MARTIN SKLAR et al., Appellants.—Order, Supreme Court, New York County, entered September 8, 1976, which granted plaintiff's motion to strike defendants' answer and set the matter down for inquest, unanimously modified, on the law and in the exercise of discretion, to strike defendants' answer unless defendant Zion Taxi, Inc., pays to plaintiff's attorney $250 costs and appears for examination within 20

days of entry of the order to be settled herein, without costs and without disbursements. Plaintiff commenced this action for damages for personal injuries sustained when, while riding her bicycle, she was struck by a taxicab driven by defendant Sklar and owned by defendant Zion Taxi, Inc. (Zion). In March, 1975 plaintiff served upon defendants a notice to take deposition upon oral examinations. Thereafter, plaintiff was informed that Sklar was no longer under the control of Zion and could not be produced. Plaintiff's motion to compel discovery and inspection was granted by Special Term in November, 1975 to the extent of directing defendants to appear for examination before trial. By stipulation, the examination before trial was adjourned to April 8, 1976. Defendants did not then appear, and, on July 26, plaintiff moved to strike defendants' pleadings pursuant to CPLR 3126. Defendants assert that on April 7, 1976 their counsel informed plaintiff's counsel that Sklar could not be produced. Plaintiff's counsel allegedly refused to proceed with the corporate defendant only. Plaintiff's counsel asserts the conversation never took place. Special Term granted the motion to strike the answer, noting that the delay and procrastination by defendants were unconscionable, and set the case down for inquest. At issue is whether CPLR 3126 was invoked properly by the court below to strike defendants' pleadings. The section provides that if a party refuses to obey an order for disclosure or willfully fails to disclose information, the court may order the pleadings struck. The court will not impose a sanction under CPLR 3126 unless the party's omission to disclose was willful (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3126, p 646). Upon the record before us, there is some doubt whether defendants' failure to appear for the examination was willful. "The striking of an answer is an extreme and drastic penalty which should not be invoked where, as at bar, the moving affidavit fails to show conclusively that the default in appearing on examination before trial was clearly deliberate or contumacious" (Cinelli v Radcliffe, 35 AD2d 829). Defendants should be permitted one last chance to disclose (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3126, p 647). Settle order on notice. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Nunez, JJ.