■ MOUNTAIN EQUITIES, INC., Appellant, v INSURANCE COMPANY OF NORTH AMERICA, Respondent.—Judgment of the Supreme Court, New York County, entered June 7, 1976 dismissing plaintiff's complaint on defendant's motion, unanimously reversed, on the law and in the exercise of discretion, without costs and without disbursements, and said motion to dismiss is denied, the judgment vacated, complaint reinstated and plaintiff directed to comply further with the order of Tyler, J., entered April 7, 1976, or justify noncompliance by appearing at Special Term, Part II, within 20 days after service of a copy of the order herein with notice of entry, the exact day and time to be mutually agreed upon. In this suit by plaintiff to recover under an insurance policy providing coverage in the event of employee defalcation, defendant after joining issue pursued various pretrial procedures, including a discovery motion seeking specific details of the alleged loss of $38,665.81 by employee theft. At Special Term, plaintiff in opposition to defendant's motion under CPLR 3126 made a showing that the information sought through discovery could not be supplied, as plaintiff's records were in the possession of the bankruptcy court and District Attorney of Rockland County. Plaintiff asserted, additionally, that it made a good faith effort to comply with the order by delivering to defendant over 100 pages of materials which it alleged were responsive. Defendant, disputing plaintiff's claim of good faith, returned the documents as neither detailed, relevant nor in compliance with the order. Although the decision of Special Term stated "the material furnished by plaintiff allegedly in compliance with the order of April 7 was totally inadequate", it is difficult to perceive how the court could have arrived at that conclusion not having the benefit of review of the documents, which defendant had previously returned to plaintiff and were not before the court. Upon the entire record before us, we are not satisfied that there was a willful or contumacious disregard by plaintiff of the discovery order. There was a certain degree of inability to comply with the order and apparently a good faith attempt, prima facie, to comply therewith. (CPLR 3126; *Balsam v Nicolosi Bldg. Co.,* 36 AD2d 533; *Du Bois v Iovinella,* 15 AD2d 616.) Accordingly, it was, in the circumstances here, an improvident exercise of discretion to dismiss the complaint (CPLR 3126; *Balsam v Nicolosi Bldg. Co., supra; Du Bois v Iovinella, supra).* We would afford plaintiff a final opportunity to comply with the order *(Rodriguez v*

*Sklar*, 56 AD2d 537; *Du Bois v Iovinella, supra)* or else justify noncompliance. Concur—Murphy, P. J., Birns, Markewich and Lynch, JJ.