■ SONY CORPORATION OF AMERICA, Respondent, v SAVEMART, INC., Appellant.—Judgment of the Supreme Court, New York County, entered February 17, 1977, striking the defendant's answer and granting judgment in favor of plaintiff on its first cause of action in sum of $190,185.55 unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements. Appeals unanimously dismissed, without costs and without disbursements, (a) from order entered January 19, 1977, denying reargument, as nonappealable; (b) from decision dated December 17, 1976, as nonappealable; and (c) from order, entered February 16, 1977, striking the answer and authorizing entry of judgment, as not separately appealable,

which order is reviewable on appeal from the judgment (CPLR 5501, subd [a], par 1) and upon such review, said order is affirmed. In this action for goods sold and delivered, defendant's answer was stricken for failure to depose. Under CPLR 3126, if one "party refuses to obey an order for disclosure or willfully fails to disclose information, the court may order the pleadings struck" (Rodriguez v Sklar, 56 AD2d 537, 538). Although "The striking of an answer is an extreme and drastic penalty which should not be invoked where * * * the moving affidavit fails to show conclusively that the default * * * was clearly deliberate or contumacious" (Cinelli v Radcliffe, 35 AD2d 829), such sanction is proper where the conduct of a party warrants it. The record before us discloses that defendant engaged in a course of conduct which was dilatory, evasive and obstructive, impelling plaintiff to proceed with six successive motions over a period of about a year and a half in an attempt to obtain discovery. Accordingly, defendant's behavior justified striking the answer. Defendant's contention that the court erred in awarding judgment for the full amount sought for the reason that the result is "replete with evidence that plaintiff did not and cannot prove it is entitled to that amount" is without merit. Whether plaintiff was entitled to recover the entire amount claimed was to have been the object of the contest. Defendant, however, forfeited. It should not be heard to complain that had the proceedings gone forward, it, not plaintiff, would have prevailed. Concur—Birns, J. P., Lane, Markewich and Lynch, JJ.