■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE SIMMS, Appellant.—Judgment, Supreme Court, Bronx County, rendered on November 22, 1976, unanimously affirmed. Application by appellant's counsel to withdraw as counsel granted (see *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833). No opinion. Concur—Lupiano, J. P., Birns, Silverman and Evans, JJ.

■ In the Matter of MARIA CORA, Petitioner, v JOSEPH B. WILLIAMS et al., Respondents.—Application for an order, pursuant to article 78 of the CPLR, in the nature of mandamus, unanimously denied and the petition dismissed, without costs and without disbursements. No opinion. Concur—Birns, J. P., Silverman, Evans and Markewich, JJ.

■ In the Matter of the Accounting of MORGAN GUARANTY TRUST COMPANY OF NEW YORK, Respondent, as Trustee of HUGO DUKES. ERIKA DUKES, Appellant.—Order, Supreme Court, New York County, entered February 2, 1977, unanimously modified, on the law, on the facts and in the exercise of discretion, to the extent of vacating the provisions appointing a private referee and directing payment of the private referee's fees from the assets of the trust and in lieu thereof referring the petition for a final accounting to a court-employed Special Referee to hear and report. Except, as so modified, the order is affirmed, without costs and without disbursements. Appointment of a private referee in the absence of special circumstances and without the consent of the parties is contrary to the expressed policy of this court. *(Brooks, Hampton, Levy & Walker v Balaban,* 22 AD2d 679; *People v Grubel,* 19 AD2d 604.) Here the appointment of the private referee was made over the objection of the sole beneficiary of the trust and without her consent. The fact that there may be a waiting period in the calendar of special references does not constitute a special circumstance warranting such an appointment. Concur—Kupferman, J. P., Silverman, Markewich and Yesawich, JJ.