*194 OPINION OF THE COURT
Bentley Kassal, J.
Plaintiff has made a motion, pursuant to CPLR 3126, for an order striking the answer of the defendants for failure to comply with several prior discovery orders of this court.
ISSUE
In view of the overriding policy to resolve issues on the merits, what sanctions should be fashioned by the court to compel disclosure when a recalcitrant party disregards numerous court directions in a cavalier manner?
FACTS
In July, 1973, this action was commenced seeking $1,000,-000 for the loss of sight to one eye of the infant plaintiff in 1965 (then five years of age), which allegedly resulted from a defect in a toy gun, manufactured and sold by the defendants. The file of this action is filled with earlier motions by plaintiff and orders directing disclosure by these defendants.
The following is the chronology of several appearances and actions taken on the one motion which came before me:
(1) On January 4, 1978, a motion, pursuant to CPLR 3124, came before me in Special Term, Part IA, to compel defendants to comply with plaintiff’s notice for discovery and inspection, dated October 6, 1977. That motion was granted upon default and the defendant did not seek a vacatur of the default or an appeal therefrom.
(2) When the defendants failed to comply with the January 4, 1978 order, plaintiff moved to strike the defendant’s answer. On February 22, 1978, I granted the motion to strike unless the prior order was complied with within 30 days and further provided that plaintiff settle an order to strike the answer upon the defendants’ noncompliance. The order also provided for $40 motion costs "by reason of defendants’ flagrant disregard of the prior court order.”
In response to the February 22, 1978 order, the defendants produced some documents, but failed to comply fully with the prior orders. When plaintiff presented an order directing that the answer be stricken, the defendants submitted an affirmation urging that they had "fully, fairly and completely responded” to the notice for discovery and inspection. In view of the drastic relief sought, and defendants’ claim of compliance, *195 I set the matter down for a hearing before me on May 22, 1978.
(3) At the May 22 hearing, a long and painstaking review ensued of the defendants’ claimed compliance. As to 36 of the 45 items in plaintiff’s original notice for discovery and inspection, the defendant had merely answered "none”, although many of the items had been previously described by defendants’ witnesses in prior disclosure proceedings. An important document had been reproduced and presented in a largely illegible form and the prior court-ordered $40 motion costs had not been paid. In the desire to encourage proper disclosure, rather than merely impose sanctions, I directed the defendants to immediately pay the costs previously awarded, to supply a legible copy of the unclear document and to produce an affidavit from a party with knowledge, explaining in detail the "none” answers given to most of the items requested. The matter was then adjourned to June 7, 1978 for a further hearing on the questions of compliance and sanctions.
(4) On June 7/ 1978, I held another hearing. Again the defendants claimed that they had produced the items requested, but demonstrated virtually no effort to comply with the express language of the prior order. On this occasion, the resulting order was even more detailed as to the requirements for compliance with the notice and prior orders. By reason of the unnecessary legal efforts and expenses to which plaintiff had been subjected, I awarded additional costs of $40 and counsel fees of $250. Finally, I set the matter down for a further hearing on September 7, 1978.
(5) On September 7, it was clear that defendant had still not fully complied. However, it appeared that such noncompliance was primarily due to a lack of effort on the part of the attorneys for defendants rather than the defendants themselves. Again the terms for compliance were spelled out in another order and in view of the added legal expenses unnecessarily incurred to produce compliance, further counsel fees of $500 were awarded. The matter was set down for a followup hearing on November 2, 1978.
(6) On November 2, 1978, it was immediately clear that the defendants again had not fully complied. Accordingly, I directed that plaintiff produce a document summarizing the defendants’ history of noncompliance to date. I have now reviewed that document and the defendants’ response thereto.
*196 It is clear that the defendants have now produced much of the material originally demanded or have adequately explained the omissions in compliance. On the other hand, there are items which have still not been produced and for which no adequate explanation has been offered. It is clear to me that much of the fault must be assigned to defendants’ attorneys who continue to use their own approach to "interpret” my express directions, however clear they are. At this stage, they even claim they do not have to comply because they feel some of my directions were not within the relief available under CPLR 3120. They appear to be unwilling or unable to comprehend that this no longer only involves a notice for discovery and inspection (which, in any event, they never properly or timely challenged) but, in fact, is concerned with compliance with several of my prior orders from which, again, they have neither appealed nor sought other relief.
Finally, in reviewing this motion, I have had occasion to examine the extensive file of this matter, including the numerous other motions before other Justices for disclosure which resulted in orders directing that the defendant comply, including conditional orders to strike the pleadings. Apparently, such threats have proved to be as forceful as the legendary "toothless tiger”.
THE LAW
It is well settled that the extremely severe and drastic sanction of striking a defendant’s answer for failure to comply with notices or orders for disclosure is to be sparingly imposed and only upon a conclusive demonstration that the failure was clearly willful or contumacious or due to bad faith or fault on the part of the defendant. (Newman v Chartered New England Corp., 63 AD2d 617; Cinelli v Radcliffe, 35 AD2d 829; Mountain Equities v Insurance Co. of North Amer., 59 AD2d 670; Kress-Shoreview v Kleiman, 58 AD2d 763; Rodriguez v Sklar, 56 AD2d 537.) Even where the record was clear that the defendant was seeking to delay disclosure and had ignored court orders for such disclosure, the Appellate Division has afforded the defendant one more opportunity to comply. (Kress-Shoreview v Kleiman, supra; see, also, Mountain Equities v Insurance Co. of North Amer., supra; Rodriguez v Sklar, supra.)
CONCLUSION
The reluctance of our courts to employ the ultimate weapon *197 —that of dismissing pleadings and granting judgment for failure to comply with disclosure orders — is understandable in view of the overriding salutory policy that matters be decided on their merits. It should be all the more understandable, where, as here, plaintiff’s recovery, if successful, may involve very substantial damages.
To avoid the imposition of the ultimate weapon of judgment, I have already employed the favored remedy of conditional orders combined with the awarding of attorneys’ fees and costs, on two occasions. (See, generally, Siegel, New York Practice, § 367, pp 462-465.) But as suggested by Professor Siegel, sometimes neither the conditional orders, nor escalating attorneys’ fees nor even the court’s constant supervision of a matter, leads to an adequate resolution. (Ibid.)
I can no longer personally afford the luxury of nurse-maiding this case to produce proper disclosure in view of the heavy demands otherwise imposed upon me in this court, especially since the defendants’ counsel have been almost arrogant in the way they have toyed with this matter and the mandates of numerous other Justices, as well as mine.
As stated by Professor Siegel in his commentaries to this section (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3126, C3126:12, p 655), the penalties provisions are intended "to leave the matter in the court’s hands, which constitutes an invitation to the court to shape a penalty in each case adequate to its own particular facts.” Nor should the other Justices be called upon to provide similar supervision in completing the disclosure to make this case ready for trial.
While this case does appear to be close to the very threshold of warranting the drastic step of striking the defense, it must always be remembered that the overriding goal of CPLR article 31 is not punitive but rather the liberal and full disclosure of all evidence material, necessary or relevant to the issues to be tried. (CPLR 3101; Allen v Crowell-Collier Pub. Co., 21 NY2d 403.) In view of this goal, CPLR 3126 gives the court broad discretion to fashion such remedies as are just. (See Siegel, supra.) One such remedy, which is expressly available on the court’s own initiative, is the appointment of a referee to supervise disclosure under CPLR 3104. (Gorea v Pinsky, 50 AD2d 713; Merritt Corp. v Bass, 17 AD2d 735.)
I am well aware of the decision of the Appellate Divi *198 sion, First Department, in Kaplan v Kaplan (48 AD2d 644) and other cases in which the court did discuss the basis for the appointment of a private referee. In my judgment, there is clear evidence here of such circumstances to warrant this relief. The factors which I have considered and which are persuasive are:
(1) The long history of this case in terms of the apparent intransigence of the defendant to provide proper disclosure, including disregarding prior court orders;
(2) The fact that the court-employed Special Referees in this court all are backlogged with heavily congested calendars and would not have the time nor be expected to keep their "finger on the pulse” of this case to monitor it, as needed;
(3) The peculiar disclosure aspects of this case which call for a strong and constantly available "supervisor” if it is ever to be ready for trial. In this regard, I note that the injury allegedly occurred 13 years ago, the infant is now 18 years of age, the action has been in suit for more than 5 years and it is still not ready for trial. In my judgment, only a referee deeply experienced in litigation, decisive in direction and ever ready can prepare this case for trial;
(4) Lastly, I intend to require defendants to pay all the reasonable value of all legal fees incurred for services undertaken as a result of defendants’ future noncompliance with my orders from the date hereof. Plaintiff may make application for same, if warranted.
ORDER
Accordingly, I am directing the appointment of a referee to supervise all further disclosure in this case until it is ready for trial, who shall be designated pursuant to the procedure established by section 660.24 of the rules of the Supreme Court, New York and Bronx Counties (22 NYCRR 660.24), unless selected by stipulation of the parties pursuant to CPLR 3104 (subd [b]).
In addition to the broad powers granted under CPLR 3104 (subd [c]), the referee shall have the specific power to review compliance to date with respect to the plaintiffs notice for discovery and inspection dated October 6, 1977, as well as the further directions thereon, and shall be bound by my prior determinations as the law of this case.
It is clear to me that this remedy is necessitated by the *199 defendants’ actions to date. Accordingly, I am directing that the defendants shall pay the reasonable expenses of the referee. (CPLR 3104, subd [e].) Defendants shall also pay the sum of $250 as counsel fees to plaintiffs attorney in connection with this application, which shall be remitted within 15 days from service of a copy of this decision, with notice of entry.