# (March 23, 1982)

■ TOOL, EQUIPMENT & SPECIALTY WAREHOUSE, INC., Appellant, v ANDONIS MORFESIS et al., Respondents. — Order, Supreme Court, New York County (Okin, J.), entered June 19, 1981, which after a hearing denied plaintiff's application for the imposition of a $250 fine and vacated a warrant of arrest entered February 26, 1981 issued in execution of an order of Special Term, filed October 2, 1980 holding defendant in contempt, fining him $250 and allowing defendant to purge himself of the contempt fine by submitting to an examination at a fixed time and place, producing at the examination varied books and records, and ordering, in default of such appearance, a warrant of commitment, reversed, on the law and on the facts, with costs, the warrant of arrest entered February 26, 1981, and the order adjudging defendant in contempt filed October 2, 1980 reinstated, the defendant is unconditionally fined $250, which sum is to be paid to the attorney for the plaintiff, at the office of said attorney within 10 days after personal service of a certified copy of an order to be entered hereon, and the defendant is directed to appear and submit himself to an examination as previously directed at the office of the clerk of Special Term, Part II, Room 315, 60 Centre Street, New York City at 10 A.M. on April 12, 1982 or at any other adjourned date agreed to by the parties and to

bring with him all the records specified in the order filed October 2, 1980. In default of such payment and appearance a warrant of commitment may issue without further notice to said defendant directed to the Sheriff of any county within the State of New York to arrest said defendant forthwith and bring him before the Justice presiding at Special Term, to be committed, or for such other. disposition as the court in its discretion may direct. On May 29, 1979, plaintiff obtained a default judgment against defendants in the sum of $15,607.50 for indebtedness owed to plaintiff in payment of goods sold and delivered. On or about June 29, 1979, plaintiff served the defendant Andonis Morfesis with a subpoena duces tecum to depose the judgment debtor at a supplementary proceeding and to produce all corporate books and records relating to the corporate defendants. There followed over a period of many months a sustained effort by the individual defendant to avoid producing the books and records required by lawful process and to avoid giving pertinent testimony. This prolonged evasive effort continued in defiance of repeated judicial directions to respond and comply with lawful process and in disregard of multiple orders adjudging the individual defendant to be in contempt although providing him opportunities to purge himself of the contempt, opportunities of which he did not avail himself. This intended, calculated misconduct culminated in an order of Special Term filed October 2, 1980 in which defendant was held in contempt and fined $250 for the third time, but was given a fourth opportunity to purge himself of contempt and fine by submitting to an examination and to bring with him, as previously directed, all books and records on October 10, 1980. On defendant's failure to appear on that date, plaintiff applied in accordance with the provisions of the order adjudging the defendant to be in contempt for an order of arrest addressed to the Sheriff directing the forthwith arrest of the defendant and directing the Sheriff to procure his appearance before the Judge presiding at Special Term, Part II, for a hearing pursuant to sections 772 *et seq.* of the Judiciary Law. In the order appealed from, Special Term denied the application for the imposition of a fine and vacated the warrant of arrest, Special Term apparently concluding that there had been defects in the service of the order entered and filed October 2, 1980 adjudging defendant in contempt and providing an opportunity to purge himself. We find no basis whatever in the record for the conclusion that service was in any manner defective. All that was submitted in support of this proposition was the unsworn testimony of defendants' counsel based in critical aspects on multiple hearsay and accompanied by unprofessional statements and conduct that should have evoked from Special Term a much more forceful response than the record discloses. The defendant's whole course of conduct culminating in his response to the third order adjudging him in contempt discloses a quite transparent and determined purpose to avoid responding to lawful process and a pattern of blatant disregard for court orders. Defendant is directed to pay unconditionally the previously imposed fine of $250, and to appear at the office of the clerk of Special Term, Part II, 60 Centre Street, New York City, at 10 A.M. on April 12, 1982 and to bring with him all the books and records specified in the final order of contempt. In default of such payment and appearance a warrant of commitment may issue without further notice to said defendant directed to the Sheriff of any county within the State of New York to arrest said defendant forthwith and bring him before the Justice presiding at Special Term, to be committed, or for such other disposition as the court in its discretion may direct. Concur — Murphy, P. J., Kupferman, Sandler, Sullivan and Ross, JJ.