■ ASSOCIATED MUTUAL INSURANCE COMPANY, Appellant, v DYLAND TAVERN, INC., et al., Respondents, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered August 9, 1983 in Sullivan County, which, inter alia, denied plaintiff's motion seeking judgment against various defendants because of their failure to comply with a prior order directing discovery.

In this action, plaintiff insurance company seeks a declaratory judgment relieving it of any obligation to defend and indemnify defendants in the underlying personal injury action. Unsuccessful in securing the cooperation of defendants Dyland Tavern, Inc., Dyland Tavern, Inc., doing business as Tri Tavern, Albert J. Bitjeman, Albert J. Bitjeman, doing business as Tri Tavern (hereafter defendants), in responding to various discovery requests, plaintiff moved pursuant to CPLR 3126 for an order striking defendants' answer or, in the alternative, directing defendants pursuant to CPLR 3124 to comply with requested discovery procedures. By order entered December 29, 1982, Special Term directed defendants to comply with the discovery requests or, upon failure to do so, "then and in such event, the plaintiff's motion to strike their answer be and the same hereby is granted". Thereafter, defendants again failed to comply with the requested discovery and plaintiff moved to strike their answer. Defendants' counsel apprised Special Term that the failure to comply was the result of his involvement in a trial at the time the discovery proceedings were scheduled. Acknowledging that he was remiss, defendants' counsel conceded the appropriateness of a penalty imposed against him, but urged the court not to penalize his clients by granting the drastic remedy of striking their answer. Special Term, considering the circumstances, declined to strike the answer and imposed a fine in the

amount of $150 payable to plaintiff's counsel. This appeal by plaintiff ensued.

Plaintiff inappropriately urges us to apply the same legal principles to this case as we would apply in vacating a default judgment. There is no sound basis to do so. The original motion was not addressed to the merits of the action; it was a motion to compel discovery. While Special Term could have granted a default judgment against defendants (see *Matter of Libow*, 46 Misc 2d 919, 923), it chose not to do so. Discretion in compelling compliance and imposing penalties for noncompliance in discovery matters is soundly vested in the trial court (*Jones v White Metal Rolling & Stamping Corp.*, 86 AD2d 687, 688). Neither was there any need to conduct an evidentiary hearing to determine the amount of the fine, since the fine was punitive rather than compensatory in nature (*Tool, Equip. & Specialty Warehouse v Morfesis*, 87 AD2d 552, 553).

The nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter lying soundly within the discretion of Special Term (*Torian v Lewis*, 90 AD2d 600, 601-602). Ordinarily, courts are reluctant to impose the drastic penalty of striking the defense (see *Baker v General Mills Fun Group*, 101 Misc 2d 193, 196-197). Under the circumstances presented in this case, we are unable to conclude that there was an abuse of discretion by Special Term in denying plaintiff's motion to strike defendants' answer (see *Schmitt v Morgan*, 92 AD2d 705).

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.