■ ROBERT REINER et al., Respondents, v HAMILTON AVENUE HOSPITAL, Defendant, and CARL HEINS, Appellant. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered June 22, 1984 in Sullivan County, which conditionally granted plaintiffs' motion to strike the answer of defendant Carl Heins.

This action was commenced in June of 1982 alleging medical malpractice on the part of defendant Carl Heins for prescribing heavy sedation without giving defendant Hamilton Avenue Hospital appropriate instructions for plaintiff Edith Reiner's care, and negligence on the part of defendant hospital in failing to provide adequate safeguards for her protection. Following a protracted history of defendant Heins' failure to appear and testify at demanded and court-ordered examinations before

trial, Special Term granted an order striking the answer of defendant Heins unless he submitted to an examination before trial at the Sullivan County Court House on July 17, 1984 at 9:30 A.M. Defendant Heins' notice of appeal states that he is appealing "to the Appellate Term of the New York Supreme Court, Ninth and Tenth Judicial Districts, from an order entered in the above-entitled action on June 22, 1984". We note that plaintiffs raise no issue as to jurisdiction conferred upon this court by virtue of the notice of appeal and, pursuant to CPLR 5520, in our discretion we decide this matter on its merits.

We conclude, as did Special Term, that the attorney representing defendant Heins has steadfastly failed to comply with the various demands made by plaintiff for discovery. At oral argument, defense counsel admitted that he had had no personal contact with his doctor client in any manner, including mail, telephone and personal conversation, for a period of at least two years following the commencement of the action. Accordingly, while ordinarily the courts are reluctant to impose the drastic penalty of striking the defense (*Baker v General Mills Fun Group,* 101 Misc 2d 193, 197), under the circumstances presented herein, there was no abuse of discretion by Special Term in issuing its conditional order (see *Schmitt v Morgan,* 92 AD2d 705).

Order affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.