■ BARBARA JACOBS et al., Appellants, v JAMES LEVY et al., Respondents.—In a medical malpractice action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Buell, J.), entered June 29, 1988, which granted the defendants' motion (a) pursuant to CPLR 3042 (d) to compel the plaintiffs to serve a further bill of particulars, and (b) pursuant to CPLR 3101 and 4545, to compel the plaintiffs to serve a further response to the defendants' demand for collateral source information, and (2) an order of the same court, entered October 24, 1988, which granted the defendants' motion to compel compliance with the order entered June 29, 1988, directed the plaintiffs to respond to the defendants' demand for collateral source information and to serve a further bill of particulars, and imposed a $750 sanction.

Ordered that the appeal from the order entered June 29, 1988 is dismissed as academic; and it is further,

Ordered that the appeal from the order entered October 24, 1988, except the provision thereof which imposed a $750 sanction, is dismissed as academic; and it is further,

Ordered that so much of the order entered October 24, 1988 as imposed a $750 sanction is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

On appeal, we are advised by counsel for the defendants that they have accepted a further bill of particulars and response to a demand for collateral source information without objection. In light of these circumstances, the appeal from the order entered June 29, 1988 and the appeal from the order entered October 24, 1988, except the provision thereof which imposed a $750 sanction, must be dismissed as academic *(see, Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 714-715; *cf., Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 [People],* 72 NY2d 307, 311). The only right or interest of the parties which remains in issue is the imposition of the $750 sanction. The $750 award was in the nature of a sanction for failure to comply with discovery orders *(see,* CPLR 3126; *Associated Mut. Ins. Co. v Dyland Tavern,* 105 AD2d 892, 893; *Renford v Lizardo,* 104 AD2d 717, 718). We find that the imposition of that sanction was not an improvident exercise of discretion. Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.