■ HENRY ROSENFELD, INC., Doing Business as HENRY ROSENFELD LUGGAGE, Respondent, v BOWER AND GARDNER et al., Appellants.—Order of the Supreme Court, New York County (David B. Saxe, J.), entered on or about July 18, 1989, striking defendants' answer and directing that the matter be set down for an assessment of damages, is unanimously affirmed, with costs.

In this action for attorneys' malpractice, defendants' answer was stricken for failure to submit to court-ordered deposition. Under CPLR 3126, if a party refuses to obey an order for disclosure, the court may order that party's pleading stricken (Rodriguez v Sklar, 56 AD2d 537, 538). The striking of an answer is an extreme and drastic penalty, and should not be invoked where the moving affidavit fails to show conclusively that the default was clearly deliberate or contumacious (Cinelli v Radcliffe, 35 AD2d 829). Such a sanction is proper where the conduct of a party warrants it (Sony Corp. v Savemart, Inc., 59 AD2d 676).

The record before us discloses that defendants engaged in a course of conduct which was dilatory, evasive, obstructive and ultimately contumacious. For over one year after their cross notice of deposition, defendants successfully avoided submitting to discovery while obtaining the deposition of plaintiff.

Plaintiff was compelled to seek an order of the court striking defendants' answer which, upon defendants' default, was granted unless defendants submitted to deposition on a date certain. A copy of this order was served on defendants' attorneys who were thereafter given a courtesy telephone call several days before the court-ordered deposition. Later that same day, counsel for defendants telephoned plaintiff's attorney to advise that the witness would be unavailable on the ordered date. On the day before the ordered examination, defendants' attorney served plaintiff's counsel with an omnibus motion seeking a protective order pursuant to CPLR 3103 (b); an extension of time in which to comply with the court's conditional dismissal order (CPLR 2004); and relief from the conditional dismissal order based, apparently, on excusable default (CPLR 5015 [a] [1]).

Although the mere service of the motion papers on a motion for a protective order suspends disclosure, the making of such a motion does not immunize a party from the dismissal of his pleading based on his willful failure to purge himself of a prior disobedience of an order of the court (*Laverne v Incorporated Vil. of Laurel Hollow,* 18 NY2d 635, 637-638). As noted by the IAS court, this motion was never submitted to the court for determination on the merits. The record supports the trial court's determination that defendants, through delays and other strategies, engaged in a course of conduct designed to yield one-sided disclosure in their favor, culminating in their disregard of an order compelling disclosure. Where a party in these circumstances disobeys a court order and by his conduct frustrates the disclosure scheme provided by the CPLR, dismissal of the pleading is within the broad discretion of the trial court (*see, Zletz v Wetanson,* 67 NY2d 711, 713). Concur—Murphy, P. J., Sullivan, Carro, Milonas and Smith, JJ.