## Five Star Elec. Corp. v Trustees of Columbia Univ.

2024 NY Slip Op 33528(U)

September 30, 2024

Supreme Court, New York County

Docket Number: Index No. 655947/2018

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------------X

FIVE STAR ELECTRIC CORP.,

                           Plaintiff,

                    - v -

THE TRUSTEES OF COLUMBIA UNIVERSITY, LEND
LEASE (US) CONSTRUCTION LBM, INC. FORMERLY
KNOWN AS BOVIS LEND LEASE LMB, INC., JOHN DOE
NOS 1 - 10, THE NAME JOHN DOE BEING FICTITIOUS,
THE TRUE NAMES OF THE DEFENDANT BEING
UNKNOWN

                         Defendants.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655947/2018 |
| **MOTION DATE** | 07/03/2024 |
| **MOTION SEQ. NO.** | 008 |

**DECISION + ORDER ON
MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 008) 342, 343, 344, 345,
346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365,
366, 367, 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385,
386

were read on this motion to                    STRIKE PLEADINGS            .

     Defendants Lendlease (US) Construction LMB, Inc., formerly known as Bovis Lend

Lease LMB, Inc. ("Lendlease") and The Trustees of Columbia University ("Columbia")

(Lendlease and Columbia, collectively, "Defendants") jointly move for an Order pursuant to

CPLR § 3126, striking plaintiff Five Star Electric Corp's. ("Plaintiff") Complaint.  Plaintiff filed

an affirmation in opposition to this motion (*see* NYSCEF 372 ["Richards Aff."]).  For the

following reasons, Defendants' motion is granted.

## BACKGROUND

     This action arises from a construction project involving a new building at Columbia

University (the "Project").  As relevant here, Plaintiff commenced this action by the filing of a

Summons with Notice against Defendants on or about November 30, 2018 (NYSCEF 346).

**655947/2018   FIVE STAR ELECTRIC CORP. vs. TRUSTEES OF COLUMBIA**
**Motion No.  008**

**Page 1 of 8**

Plaintiff amended its complaint on March 15, 2019 (NYSCEF 347, 348), and on August 28, 2019 (NYSCEF 351).

On or about May 12, 2020, the Court ordered the partial dismissal of Plaintiff's First Amended Complaint, dismissing all of Plaintiff's asserted causes of actions except the extra work aspect of Plaintiff's first cause of action and the Foreclosure Claim (NYSCEF 352). The Decision and Order also stated that "targeted discovery" would be appropriate in determining a potentially dispositive threshold issue, namely whether Plaintiff's claims are barred by the requisite notice provisions of Article 39 of the subject subcontract, which provisions were described as "strictly enforceable and treated as a condition precedent to recovery" (the "Limited Issue") (*see* NYSCEF 352 at 7–8).

On August 7, 2020, Columbia filed a letter advising the Court that Plaintiff had failed to respond timely to Columbia's First Set of Document Demands and Columbia's First Set of Interrogatories requesting information and documents regarding only the Limited Issue (NYSCEF 356). Defendants thereafter filed discovery motions to compel discovery on the Limited Issue and for a protective order preventing Plaintiff from seeking discovery on any other issue (Mot. Seqs. 006, 007). On or about January 27, 2021, the Court entered a Decision and Order granting Defendants' motions in part, and ordering the parties to meet and confer to tailor a discovery schedule prioritizing all discovery regarding compliance with the Article 39 notice requirement while proceeding with limited discovery on other issues (NYSCEF 357).

On or about February 26, 2021, the Court entered a Discovery Order (the "Discovery Order") setting forth a schedule for the parties' responses to outstanding discovery demands and interrogatories ("Discovery Schedule"). In its Discovery Order, however, the Court specifically held Plaintiff's discovery demands and interrogatories issued to Defendants, each dated July 30,

**655947/2018  FIVE STAR ELECTRIC CORP. vs. TRUSTEES OF COLUMBIA**
Motion No.  008

**Page 2 of 8**

2020, in abeyance pending the conclusion of the parties' discovery concerning the Limited Issue ("Discovery Phase No. 1") (NYSCEF 358). In March and June 2021, the parties filed stipulations extending the discovery deadlines (NYSCEF 359, 360).

On or about August 13, 2021, Plaintiff and Defendants filed a joint letter requested by the Court regarding the exchange of ESI and Plaintiff's deficient discovery responses (NYSCEF 363). On September 20, 2021, the Court issued another Discovery Order extending the Discovery Phase No. 1 deadlines, including the time for Plaintiff to supplement its responses to Defendants' interrogatories and the time to finalize ESI search terms (NYSCEF 364).

The Court heard nothing from the parties until June 2023, as discussed, *infra*. In the meantime, Defendants have placed documents in the record indicating that on December 29, 2021, Plaintiff communicated with the Defendants regarding working out the ESI terms (NYSCEF 365). However, Defendants requested that Plaintiff provide full responses to Defendants' interrogatories pursuant to the September 21, 2021 Court Order so that the ESI protocol could be completed (*id.*). Plaintiff's counsel responded that he would "review tomorrow" (*id.*). Defendants followed up with Plaintiff approximately one month later, whereupon Plaintiff's counsel indicated that he was "working on it" and need a "couple of weeks" (*id.*). On February 8, 2022 and March 2, 2022, Defendants again followed up asking for an update (*id.*). On March 3, 2022, Plaintiff's counsel indicated that he had reviewed documents given to him and had requested his client to supplement the documents pertinent to the interrogatories if they exist (*id.*). In the same email, Plaintiff's counsel indicated that Plaintiff "will serve answers to the interrogatories with what we have by the end of the next week unless we receive information that further documents will be coming shortly thereafter so that way we can move on to ESI." (*id.*).

**655947/2018 FIVE STAR ELECTRIC CORP. vs. TRUSTEES OF COLUMBIA**
**Motion No. 008**

Page 3 of 8

[* 3]

On April 29, 2022, Defendant followed up asking for a status update (*id.*). Defendants again followed up on May 5, 2022 and May 10, 2022 (*id.*). It appears that Plaintiff never responded to any of these emails.

According to Defendants, they did not receive the promised answers until Plaintiff's opposition to this motion was filed on July 19, 2024, more than two years later.

***

Having heard nothing further from the parties after Fall of 2021, on or about June 1, 2023, the Court filed a Notice requesting an update within seven days (NYSCEF 366). On or about June 8, 2023, Plaintiff filed a response stating that "[p]resently, the parties are working through discovery and Plaintiff is actively pursuing its remedies" (NYSCEF 367). Defendants responded that they believed that this action had been abandoned due to Plaintiff's failure to participate in discovery (NYSCEF 368). Plaintiff failed to file any response or otherwise refute Defendants' assertion.

Thereafter, the Court ordered Plaintiff and Defendants to appear for a status conference set for June 4, 2024 (NYSCEF 369). Counsel for Plaintiff and Defendants appeared for the status conference, and the Court voiced its concern with Plaintiff's ongoing delays in discovery and Plaintiff's failure to abide by the Court's Orders (NYSCEF 370 at 14 ["courts prefer to decide things on the merits rather than on discovery defaults or the like. But, you know, this is an extreme case and, you know, I -- I just can't have a case sitting on my docket for six years with not the appropriate amount of activity, and especially with very specific court orders to try to get to the end of discovery …"]). At the end of the status conference, the Court stated that "in view of the defendants' indication that they will file a motion of some sort that is a dispositive motion, I'm going to stay discovery on the condition that such much is filed within 30 days" (*id.* at 17).

**655947/2018  FIVE STAR ELECTRIC CORP. vs. TRUSTEES OF COLUMBIA**
**Motion No. 008**

**Page 4 of 8**

4 of 8

The Court entered a case management order staying discovery on the condition that Defendants file a dispositive motion within 30 days (NYSCEF 371).

## DISCUSSION

CPLR 3101 states, in relevant part: "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: (1) a party, or the officer, director, member, agent or employee of a party." Under CPLR 3126, "if a party refuses to obey an order for disclosure, a court may order that party's pleading stricken" (*Henry Rosenfeld, Inc. v Bower and Gardner*, 161 AD2d 374 [1st Dept 1990]). While the striking of a pleading is an extraordinary penalty, it is properly invoked where the moving affidavit demonstrates conclusively that "the default was clearly deliberate or contumacious" (*see id.*). Indeed, a court may "providently exercise[] its discretion to strike the pleadings" when "[t]he parties have offered no excuse for their repeated noncompliance with the court's disclosure orders, and their conduct throughout the course of th[e] litigation has been 'dilatory, evasive, obstructive and ultimately contumacious'" (*Arts4All, Ltd. v Hancock*, 54 AD3d 286 [1st Dept 2008], *affd,* 12 NY3d 846 [2009], and *affd,* 13 NY3d 812 [2009] [citation omitted]). "It is a 'court's prerogative to control its calendar and expeditiously dispose of the volume of cases before it'" (*id.* [citations omitted]). "Appellate courts have recognized that, under the individual assignment system, substantial deference should be accorded to the trial court's considerable discretion to compel compliance with discovery orders, and, absent clear abuse, a penalty imposed in accordance with CPLR 3126 should not readily be disturbed" (*id.*).

Here, Defendants have established persuasively that Plaintiff has willfully failed to provide discovery as directed in the Court's January 27, 2021 Decision and Order, February 26, 2021 Discovery Order, and the September 7, 2021 Discovery Order. Specifically, Plaintiff failed to

**655947/2018  FIVE STAR ELECTRIC CORP. vs. TRUSTEES OF COLUMBIA**  **Page 5 of 8**
Motion No.  008

5 of 8

abide by the discovery deadlines and failed, despite specific directives in said orders, and without good cause, to respond to Defendants' discovery demands and to supplement its interrogatory responses to Columbia and LendLease's discovery demands and interrogatories, each dated June 8, 2020 and August 11, 2020.

The record reflects that Defendants followed up numerous times regarding the interrogatory responses, and Plaintiff kept kicking the can down the road and eventually stopped responding (NYSCEF 365). The extreme duration of Plaintiff's "fail[ure] to timely provide discovery," representing approximately two-thirds of the six-year lifespan of this litigation, "demonstrate[s] that [Plaintiff's] noncompliance was willful, contumacious and in bad faith." (*Williams v Shiva Ambulette Serv. Inc.*, 102 AD3d 598, 598 [1st Dept 2013] [holding that the "court did not abuse its discretion in striking the complaint and dismissing the action" where Plaintiff had an "unexplained pattern of disobeying four successive court orders" and failed "to timely provide discovery"]).

Plaintiff argues that this motion should be denied because there is a strong public policy preference in having cases decided on the merits and not on procedural grounds.[1] While generally true, CPLR § 3126 and New York case law equally allow courts to exercise their discretion and to strike a party's pleadings when a party's discovery rise to the level of being

---

[1]Plaintiff relies on the June 4, 2024 conference during which the Court said, "courts prefer to decide things on the merits rather than on discovery defaults or the like." (*see* NYSCEF 341 at 14). However, Plaintiff ignore the broader context of the Court's statement, which went on to say "But, you know, this is an extreme case and … I just can't have a case sitting on my docket for six years with not the appropriate amount of activity, and especially with very specific court orders to try to get to the end of discovery, which … I won't characterize what's happened, but it's certainly not a lot." (*id.*).

**655947/2018   FIVE STAR ELECTRIC CORP. vs. TRUSTEES OF COLUMBIA**                              **Page 6 of 8**
**Motion No.  008**

6 of 8

willful, contumacious, and in bad faith (*Rosenfeld*, 161 AD2d at 374; *Williams*, 102 AD3d at 598).

Here, Plaintiff has failed to provide a reasonable response as to why it did not meet the Court's deadlines. Plaintiff's opposition argues that the parties never agreed to the ESI search terms, and it needed the ESI search terms to adequately respond to Defendants' Interrogatories (*see* Richards Aff. at ¶¶ 9–13). Plaintiff submits that "[a]ny notices of extra work claims will not only be in the records of Five Star but will be in Defendants' records as well" and "[t]here are no notices of extra work claims which only Five Star would possess" (*id.* ¶11). However, Plaintiff fails to adequately explain why it could not search its own records to find the notices and respond to Defendants' interrogatories, other than it was time consuming. Nor is there any indication in the email communications to support Plaintiff's position that ESI was required for Plaintiff to properly respond to Defendants' interrogatories. Rather, as noted, on March 3, 2022, Plaintiff stated that it had reviewed the documents and that they intended to serve answers to the interrogatories with what they had by the end of the following week. Furthermore, at no point after the Fall of 2021 did Plaintiff raise this issue with the Court.

Plaintiff belated attempt comply with its discovery obligations in connection with the instant motion by *now* providing a supplemental response to Lendlease's First Set of Interrogatories (NYSCEF 374) is unavailing. There remains no justification for Plaintiff's three years of delay and non-compliance. Further, Plaintiff did not even attempt to provide a supplemental response to Defendant Columbia's interrogatories.

And contrary to Plaintiff's assertion, Defendants have been prejudiced by the delay. Almost six years have passed since this lawsuit was filed, and seven years since this construction project was substantially completed. As more time passes it will be increasingly difficult for

**655947/2018   FIVE STAR ELECTRIC CORP. vs. TRUSTEES OF COLUMBIA**
**Motion No.  008**

Page 7 of 8

[* 7]

Defendants to defend against Plaintiff's claims as relevant witnesses have moved on to different roles or companies, memories have faded, and evidence has now become stale. Even Plaintiff's counsel acknowledged at the June 4, 2024 conference that "[o]ur client has gone through significant changes of leadership and institutional knowledge has been lost, so we have the owner of the company, basically, trying to figure out what's what" (Tr. 06042024 at 5:15-18). It was incumbent on Plaintiff to abide by the Court's Orders and provide the discovery responses in a timely and comprehensive manner *years* ago. Plaintiff's failure to do so in this instance is fatal to its lawsuit.

Accordingly, it is

**ORDERED** that the motion of Defendants to strike the Plaintiff's pleading and dismiss this case is **GRANTED**; and it is further

**ORDERED** that the complaint is stricken and the action is dismissed; and it is further

**ORDERED** that the Clerk is directed to enter judgment of dismissal in favor of defendant, with costs and disbursements to defendant as taxed by the Clerk.

20240930141026JMCOHEN0F30F6B1EFF84DC3A3440BB4AE6B34E0

| 9/30/2024 | | | |
|-----------|--|--|--|
| **DATE** | | **JOEL M. COHEN, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | |
|------------|---|---------------|--|--|------------------------|--|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

655947/2018   FIVE STAR ELECTRIC CORP. vs. TRUSTEES OF COLUMBIA
Motion No. 008

Page 8 of 8

[* 8]