■ LAWRENCE R. BRANDI, Appellant, v SEEWAH CHAN, Respondent.—Kane, J. P. Appeal from a judgment of the Supreme Court (Smyk, J.), entered May 9, 1988 in Broome County, which, *inter alia,* granted defendant's cross motion to dismiss the complaint.

In July 1985, plaintiff commenced this action against defendant for personal injuries occurring as the result of an automobile accident. Defendant duly answered and served a demand for a bill of particulars along with an initial discovery demand on plaintiff. Plaintiff complied with these demands, after which defendant, on May 7, 1987, made an additional discovery demand for certain of plaintiff's Federal and State tax returns, as well as interrogatories. Defendant received no responses to these requests despite additional inquiries by defendant to plaintiff on June 11, 1987 and July 2, 1987. As a result, defendant moved for a discovery order. Defendant also served plaintiff with a notice of deposition on October 26, 1987. Plaintiff never appeared at the deposition and failed to contact defendant either before or after the scheduled deposition. Thereafter, defendant also moved for a court-ordered deposition. On the return date of defendant's motions, neither plaintiff nor his counsel appeared in opposition.

By order dated January 4, 1988, Supreme Court directed plaintiff to comply with defendant's requests within 30 days of service of the order and also ordered plaintiff to appear at a deposition upon written notice by defendant of such deposition to plaintiff. The order was served on January 8, 1988 and defendant notified plaintiff that a deposition was set for February 26, 1988. In response, plaintiff requested that the deposition be adjourned. After defendant refused, plaintiff moved to adjourn the deposition date. As to the remainder of the court's order, the only response was a letter from plaintiff, served after the 30 days had passed, in which it was stated that the requested tax returns did not exist. After plaintiff moved to adjourn, defendant cross-moved pursuant to CPLR 3126 to dismiss plaintiff's complaint for plaintiff's failure to comply with the January 4, 1988 order. At the oral argument

of the motions, neither plaintiff nor his counsel appeared and no opposition papers to defendant's cross motion were ever submitted. It should be noted that the above facts have been primarily gleaned from an affidavit by defendant's counsel; plaintiff, however, has not disputed them. After oral argument, Supreme Court denied plaintiff's motion and granted defendant's cross motion. Plaintiff has appealed.

Plaintiff contends that Supreme Court erred in dismissing his complaint because his conduct in failing to appear for the second scheduled deposition and in not serving the tax returns was not willful and contumacious and therefore did not justify a dismissal under CPLR 3126. We disagree. CPLR 3126 provides that when a discovery order is willfully disobeyed, a court may, *inter alia,* strike the violating party's pleadings (CPLR 3126 [3]). The nature and degree of the penalty is a matter lying within the sound discretion of the court *(Associated Mut. Ins. Co. v Dyland Tavern,* 105 AD2d 892, 893). Here, prior to Supreme Court's order for discovery, plaintiff ignored defendant's demands even after additional inquiries by defendant were made. Plaintiff also failed to appear at the first deposition without even contacting defendant. Plaintiff never objected to defendant's discovery requests, nor did he appeal the discovery order. After the discovery order was issued, defendant again failed to provide the requested information and instead belatedly sent a letter. In our view, the foregoing facts support the court's determination that plaintiff's conduct was willful and contumacious, and the sanction of dismissal of plaintiff's complaint was justified *(see, Lobo Equities v North Riv. Ins. Co.,* 124 AD2d 647; *Henderson v Stilwell,* 116 AD2d 861, 863, *lv denied* 68 NY2d 606).

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.