■ Lois Shane, Appellant, v Philips Medical Systems, Inc., Respondent and Third-Party Plaintiff-Respondent. Brooklyn Caledonia Hospital, Third-Party Defendant-Respondent.—Order, Supreme Court, New York County (Charles E. Ramos, J.), entered on or about June 20, 1989, which denied plaintiff's motion to vacate an order of the same court and Justice which granted, on default, defendant's motion dismissing the complaint, unanimously reversed, on the law, the facts and as a matter of discretion, plaintiff's motion to vacate the default granted on the condition that, within 45 days of service of a copy of this court's order, plaintiff appear for a neurological examination, that plaintiff and her counsel comply with any outstanding discovery requests, and that sanctions of $1,000, imposed upon each of plaintiff's attorneys, are paid, without costs.

In this products liability action, plaintiff Lois Shane is a radiologist who contends that she was injured in December 1980, when a radiography fluoroscopy machine manufactured by defendant, Philips Medical Systems, Inc., allegedly malfunctioned while she was examining a patient at Brooklyn Caledonia Hospital, the third-party defendant. An action was duly commenced in December 1983. However, over the next several years, as the case progressed through discovery, plaintiff and her counsel continuously engaged in dilatory tactics, and failed to comply with discovery requests.

On March 16, 1988, defendant moved for an order to dismiss plaintiff's cause of action for both willful failure to submit to a physical examination as stipulated by the parties, and willful failure to respond to the numerous notices of discovery and inspection. On April 19, 1988, the IAS court, upon plaintiff's default, granted the motion and dismissed the action; this was subsumed in an order entered November 2, 1988, dismissing the case. Plaintiff subsequently moved to vacate the default and dismissal order of the court. This the IAS court declined to do. Plaintiff now appeals.

The IAS court correctly observed that in order to vacate a default pursuant to CPLR 5015 (a) (1), the moving party must provide a reasonable excuse for the default or delay and an affidavit of merit. *(See, Fidelity & Deposit Co. v Andersen & Co.,* 60 NY2d 693, 695 [1983]; *see also, Back v Stern,* 23 AD2d 837 [1st Dept 1965].)* However, we disagree with the court's conclusion that plaintiff did not meet that standard. Rather, we are of the view that a meritorious claim can be set forth and that there is some question of whether plaintiff's counsel was properly served with the moving papers. Mindful of the maxim that the law favors the resolution of cases on the merits *(Tiger v Town of Bolton,* 150 AD2d 889, 890 [3d Dept 1989]),* we accordingly reverse, and grant the motion to vacate the default judgment, on the condition that, within 45 days of service of a copy of this order, plaintiff's counsel comply with any outstanding discovery requests and plaintiff appear for a neurological examination.

However, while plaintiff may have made an adequate showing of the absence of willfulness insofar as the default is concerned, our review of the record makes it clear that plaintiff's counsel have, throughout the history of the case, persistently engaged in willful and contumacious conduct. *(Cf., Dauria v City of New York,* 127 AD2d 459, 460 [1st Dept 1987].)* In view of the dilatory tactics engaged in by plaintiff's attorneys and, as a condition of vacating the default, a sanction of $1,000 is imposed upon each of them, to be paid within 45 days of service of a copy of this order. *(Renford v Lizardo,* 104 AD2d 717, 718 [4th Dept 1984].)* Concur—Murphy, P. J., Carro, Milonas, Asch and Kassal, JJ.