■ MICHAEL BERMAN, Appellant, v NATHAN SZPILZINGER, Respondent.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered July 23, 1991, which, inter alia, granted defendant's motion pursuant to CPLR 3126 to dismiss the complaint and denied plaintiff's cross motion pursuant to CPLR 3103 for a protective order, unanimously affirmed, with costs. Appeal from the order of the same court, entered July 30, 1991, which denied plaintiff's motion to reargue and renew the prior motion and cross motion, is deemed an appeal from an order denying a motion only to reargue, and, so considered, dismissed as nonappealable, without costs.

Although the striking of a pleading pursuant to CPLR 3126 is an extreme and drastic penalty to be invoked only where the refusal to obey an order for disclosure or failure to disclose pursuant to notice was clearly contumacious or deliberate (Henry Rosenfeld, Inc. v Bower & Gardner, 161 AD2d 374), it is equally well settled that the nature and degree of the penalty to be imposed for such a refusal or failure is a matter lying within the sound discretion of the court (Brandi v Chan, 151 AD2d 853, 854, appeal dismissed 75 NY2d 789).

Here, we perceive no abuse of discretion. The record shows that plaintiff repeatedly refused to comply with prior court orders, two stipulations and a multitude of letters from defendant's counsel requesting responses to defendant's interrogatories. As a result, defendant was compelled to make numerous motions over a period of some two years in an unsuccessful attempt to obtain complete disclosure. It is not true, as plaintiff argues, that the relevancy and appropriateness of his responses are in issue on the present appeal, the IAS court, in a prior order from which defendant did not appeal, having specifically found, after striking 56 of defendant's interrogatories, that all of the remaining document demands were proper *(Fellner v Texas Mexican Ry. Co.,* 76 AD2d 820, 821 [Silverman, J., dissenting]). These facts support the IAS court's determination that plaintiff's conduct was willful and contumacious, and justify the sanction of dismissal *(Zletz v Wetanson,* 67 NY2d 711, 713; *Brandi v Chan, supra).*

We have reviewed plaintiff's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Kupferman, Ross and Smith, JJ.