LILY MICHAEL et al., Appellants, v ST. LUKES-ROOSEVELT HOSPITAL CENTER, Respondent. [605 NYS2d 283] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered July 17, 1992, which precluded the examination before trial of defendant's witness due to plaintiffs' failure to comply with a previous oral discovery order of the court, unanimously reversed on the law and the facts, with costs.

At a June 8, 1992 pre-trial conference plaintiff was orally directed to provide authorizations for medical information no later than the date of an EBT of defendant's employee, which was required to take place prior to the next conference date, July 6, and which was ultimately scheduled for June 29. Plaintiffs' counsel had mailed the authorizations to plaintiff Lily Michael on June 17, but did not receive the signed copies back until July 2. When plaintiffs' counsel showed up for the

EBT without the authorizations, defendant refused to go forward. There was confusion about what the Judge had actually ordered, and defendant's counsel apparently refused to produce the witness again, even though the authorizations could be produced before the July 6 deadline (and actually were delivered to him on July 2). At a July 6 conference the court ruled that under the terms of its June 8 order the deposition had been waived.

The order of June 8 does not appear in the record and it was recalled differently by the parties and differently by the court on different occasions. Defendant had originally requested the authorizations by letter 15 months earlier but defendant did not repeat its demand over the intervening time. Defendant's failure to ask for them again or to formally demand them did not excuse plaintiffs, but it is relevant in determining the sanction for plaintiffs' failure to deliver them. There has been no showing of willful or contumacious behavior on plaintiffs' part. Defense counsel, on the other hand, was inflexible in refusing to proceed with or reschedule the EBT when there was still time before the next conference to get the authorizations into his hands. The cases on which defendant relies to justify the preclusion all involve clearly willful and contumacious conduct (see, Berman v Szpilzinger, 180 AD2d 612; Henry Rosenfeld, Inc. v Bower & Gardner, 161 AD2d 374; Brandi v Chan, 151 AD2d 853, appeal dismissed 75 NY2d 789).

Plaintiffs' failure to produce the authorizations on June 29 was a violation of the court's order. But, in the absence of any showing of deliberateness, willfulness, or contumacy, the sanction of preclusion from the examination of an important witness before trial was unjustified. Concur—Wallach, J. P., Kupferman, Ross, Kassal and Nardelli, JJ.