■ ROBERT E. LIPSON et al., Appellants, v DIME SAVINGS BANK OF NEW YORK, FSB, Respondent. [610 NYS2d 261] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered October 13, 1993, which directed plaintiffs to file a note of issue and proceed to a non-jury trial without further discovery, unanimously reversed, on the law and the facts and

the matter is remanded for the completion of discovery and trial before a different Justice, with costs.

Plaintiffs' complaint alleges causes of action for, *inter alia,* breach of contract, fraudulent inducement, fraudulent concealment, constructive fraud and breach of fiduciary duty. Plaintiffs primarily sought damages and additionally requested the equitable relief of rescission of all contracts, etc. executed by them in connection with their purchase of a cooperative apartment from the defendant. Issue was joined in May 1993 and in June 1993 plaintiffs served interrogatories and sought discovery of a broad range of documents.

Defendant's counsel failed to answer the discovery demands, despite several requests to do so, until September 9, 1993. Review of the answers reveals that brief and in some cases partial answers were provided. Counsel for both parties apparently negotiated in order to settle the issues that had arisen concerning discovery. Plaintiffs' counsel, in a letter dated October 6, 1993, advised the court of the procedural history of the matter and expressed his concern regarding his requests for discovery from the defendant bank. Plaintiffs' counsel also advised the court that the parties would schedule depositions that were to be concluded by November 15, 1993. The parties appeared before the court on October 12, 1993. At that time the trial court stated that previously on June 28, 1993 he had directed the parties to conduct discovery, and had made clear that the trial would be held without a jury on October 4, 1993. The court then stated that it would direct plaintiffs' counsel to file a note of issue. Despite plaintiffs' counsel's argument that discovery was not nearly complete, the court refused to permit further discovery and ordered the parties to trial on October 18, 1993. By order of this Court entered December 14, 1993, plaintiffs were granted, *inter alia,* a stay of the order appealed pending the hearing and disposition of this appeal.

It is true that each court has inherent power to control its own calendar and the disposition of business before it *(Matter of Hochberg v Davis,* 171 AD2d 192, 194). However, no matter how pressing the need for expedition of cases, the court may not deprive the parties of the fundamental rights to which they are entitled *(supra,* at 195, citing *Double A Limousine Serv. v New York, N. Y. Limousine Serv.,* 130 AD2d 403, 404, quoting *Matter of Grisi v Shainswit,* 119 AD2d 418, 421). Issue was joined in this action in May 1993. The plaintiffs actively pursued discovery throughout the next three months, made allowances for defendant's counsel's scheduling conflicts and

sought court assistance in obtaining discovery only after other methods failed. In the absence of any showing of prejudice to the defendant we find it was an abuse of discretion for the trial court to force the parties to trial without first providing them with a reasonable opportunity for the completion of discovery *(cf., Bentley v Solomon Equities,* 188 AD2d 418).

Review of the plaintiffs' complaint reveals that the primary character of the case is legal and not equitable. A jury trial is not waived merely by the inclusion of a claim for equitable relief *(Cadwalader Wickersham & Taft v Spinale,* 177 AD2d 315, 316). Therefore, it was error for the court to have determined that the matter should be tried without a jury.

We have considered the other arguments raised by the defendant-respondent and find them to be meritless. Concur— Rosenberger, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.