■ SOMERSAULT, INC., Appellant, v HOLMES PROTECTION, INC., et al., Respondents. [621 NYS2d 573] —Order; Supreme Court, New York County (Ira Gammerman, J.), entered March 31, 1994, which denied plaintiff's motion pursuant to CPLR 5015 (a) to vacate a prior order, same court and Justice, entered on or about June 28, 1993, which dismissed plaintiff's action for failure to comply with a prior conditional order of dismissal for failure to provide discovery, entered on or about May 27, 1993, unanimously reversed, on the law, without costs, the plaintiff's motion granted and the complaint reinstated without prejudice to the IAS Court's consideration of defendants' cross-motions.

Dismissal of the complaint is appropriate where a plaintiff repeatedly and willfully disobeys the court's successive discovery orders *(Meyer v Southampton Art Partners,* 199 AD2d 222). Plaintiff's conduct in not providing the tax documents for fiscal 1990, the year of the loss at issue, could be properly characterized as willful and contumacious, warranting the court's exercise of discretion in imposing the sanction of dismissal *(see, Berman v Szpilzinger,* 180 AD2d 612).

On the other hand, the denial of vacatur was an improper

exercise of discretion. In its denial, the court cited only one violation of its order, plaintiff's missing the deadline for producing the fiscal 1990 tax documents; however, plaintiff had produced those documents, albeit eleven days late, and had provided the remainder of the discovery ordered. Moreover, the court's direction regarding its conditional order was contradictory. The May 27, 1993 order clearly stated that the time for compliance would not be extended and that failure to comply would result in automatic dismissal with prejudice. Subsequently, on June 28, 1993, the date the complaint was dismissed, it gave an equally clear "signal" that upon proper application, the dismissal would be vacated and appropriate conditions would be imposed. Inasmuch as both parties relied upon the latter representation, as evidenced by defendants' subsequent submission of cross-motions, that representation should have been honored, especially given the totality of the circumstances, including defendants' inflexible attitude regarding scheduling, among other things (see, Michael v St. Lukes-Roosevelt Hosp. Ctr., 199 AD2d 195, 196). Concur—Kupferman, J. P., Ross, Rubin and Williams, JJ.