■ Carlos Aldana, Appellant, v Hertz Penske Truck Leasing, Inc., et al., Respondents. Waltco Truck Equipment Co., Inc., et al., Third-Party Plaintiffs-Respondents, v Allstate Linen Supply, Inc., et al., Third-Party Defendants-Respondents. [640 NYS2d 115] —Judgment, Supreme Court, Nassau County (Ralph P. Franco, J.), entered March 31, 1995, which, *inter alia*, dismissed plaintiff's complaint with prejudice for failure to comply with a prior order of the same court, entered on or about February 15, 1995, which granted defendants' cross-motions, pursuant to CPLR 3126, to dismiss the complaint unless plaintiff served a "proper" bill of particulars within 20 days of service upon him, as previously ordered by the court (Francis X. Becker, J.) in its order entered on or about July 25, 1994, unanimously modified, on the law and the facts and in the exercise of discretion, without costs, to the extent of ordering, upon a schedule to be set by the IAS Court within 20 days of the entry of our order, an examination before trial of defendant Waltco and a further examination before trial of Penske to enable plaintiff to identify and then obtain within a reasonable time the discovery needed to furnish adequate particulars as to items enumerated in the court's July 25, 1994 order. In the event of plaintiff's failure to provide such supplemental bills of particulars, or Waltco's or Penske's failure to provide the necessary discovery within the time limits set by the IAS Court, such court may, as it deems appropriate, enter a final and unconditional order of preclusion or judgment dismissing the complaint. As so modified, the judgment is otherwise affirmed, without costs.

Appeal from the order of the same court (Francis X. Becker, J.), entered on or about July 25, 1994, is dismissed as subsumed in the appeal from the judgment, without costs.

Loath as we are to interfere with the IAS Court's management of its calendar and although plaintiff's failure to provide responses to the disputed particulars violated the court's July 25, 1994 and February 15, 1995 orders, there is no showing that he did so deliberately, wilfully or contumaciously. In partial compliance, plaintiff did not indicate an unwillingness to respond, which would have necessitated a motion for a protective order, but verified that in the absence of discovery, he has no knowledge with which to provide the particulars demanded. Under such circumstances, dismissal of his claim was unnecessarily harsh and he should be afforded one last opportunity adequately to comply with defendants' demands.

Concur—Sullivan, J. P., Rosenberger, Wallach, Kupferman and Williams, JJ.