■ RALPH KAMHI, Individually, as Shareholder and in the Right of DEPENDABLE DELIVERY SERVICE, Also Known as DEPENDABLE TRUCKING CORP., Appellant, v DEPENDABLE DELIVERY SERVICE, INC., Also Known as DEPENDABLE TRUCKING CORP., et al., Respondents. [650 NYS2d 676] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered March 25, 1996, which determined that all discovery not completed by the parties as of February 6, 1996 was deemed to be waived, refused to direct any further discovery past February 6, 1996, and set a trial date of April 10, 1996 for trial of the action, unanimously reversed, on the law, without costs, the above directions vacated and the matter remanded for further proceedings including a reasonable time for the parties to complete discovery in accordance with the decision herein.

The Supreme Court's broad discretion to supervise disclosure in a civil action must be exercised to facilitate the resolution of the action, and its orders in this regard should not be disturbed, absent an abuse of its discretionary powers (*see, SPA Realty Assocs. v Springs Assocs.,* 155 AD2d 839, 840; *Soper v Wilkinson Match (USA),* 176 AD2d 1025). We find that such an abuse occurred here, depriving plaintiff of fundamental rights to which he is entitled (*see, Matter of Hochberg v Davis,* 171 AD2d 192, 194-195; *Lipson v Dime Sav. Bank,* 203 AD2d 161, 162; *Michael v St. Lukes-Roosevelt Hosp. Ctr.,* 199 AD2d 195).

Although it was reasonable for the IAS Court to allow the

parties a four-month period within which to either complete discovery or notify the court in writing of any problem with completion of discovery, under the circumstances it was unreasonable to deem discovery waived as of the February 6, 1996 cut-off date and to direct the parties to trial without further discovery.

Not only were the parties, and the record, unclear as to the court's intent in its pre-calendar order setting the February date, but it is undisputed that plaintiff's failure to comply with the order was not willful, contumacious or deliberate and, in part, stemmed from circumstances beyond his control. The parties had actively sought to complete discovery and, indeed, had advised the court, albeit by telephone, on or about February 2, 1996, that they had agreed on a schedule which would complete discovery by mid-March 1996. Obviously, there was no prejudice to defendants, and issue had been joined only $4^{1}/2$ months prior to the February 6, 1996 order.

The fact that the court did not absolutely preclude discovery after the deadline does not change our view, since defendants, upon noting the tenor of the court's rulings after February 6, 1996, effectively precluded further discovery by ceasing their previous willing cooperation. Concur—Murphy, P. J., Milonas, Williams, Tom and Andrias, JJ.