■ MERCEDES REYES et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [653 NYS2d 585] —Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered

January 17, 1995, which denied plaintiffs' motion to vacate a prior order of the same court and Justice, which granted, on default, defendant's motion to dismiss the complaint for failure to comply with the court's discovery order, unanimously reversed, on the law, without costs, plaintiff's motion is granted and the complaint is reinstated.

In this action, the infant plaintiff alleges she fractured her ankle after slipping on a puddle of urine in the stairwell of her building, owned and managed by defendant. The action was initially commenced in January 1992 by the infant's mother, who subsequently died in August 1993.

On June 10, 1992, defendant served its answer and discovery demands, including a demand for a verified bill of particulars. Plaintiff served its bill of particulars on June 19, 1992. By letter dated July 1, 1992, defendant informed plaintiff of its dissatisfaction with plaintiff's responses to portions of the bill of particulars and requested full compliance. Plaintiff provided a supplemental bill of particulars on July 28, 1992. Defendant responded that it would require another bill of particulars after the completion of discovery, and that the other discovery items initially requested had yet to be disclosed. In February 1993, defendant made further discovery requests, including plaintiff's school records and a transcript of the hearing held pursuant to General Municipal Law § 50-h.

On March 4, 1993, a preliminary conference order was issued by the court requiring that plaintiff serve a supplemental bill of particulars as to any facts showing actual or constructive notice, within 30 days. The order further directed plaintiff to comply with various other discovery requests. When plaintiff failed to comply with the order, defendant moved to dismiss the complaint on or about June 22, 1993. Upon plaintiff's failure to appear or oppose the motion, the court dismissed the action on August 19, 1993, and directed the defendant to settle an order.

The next day, plaintiff's attorney learned of the default and informed defense counsel that the infant plaintiff's mother had recently died, preventing him from obtaining the information necessary to comply with the discovery requests. In a letter to defense counsel the same day, plaintiff's attorney confirmed that he would obtain a death certificate. Within a week, he provided a second supplemental bill of particulars.

Plaintiff's counsel sent a letter to the court, dated September 20, 1993, explaining that his default on the motion had resulted from the inaccurate recording of the argument date by his office, and requesting a telephone conference between the par-

ties and the court. Apparently this request was denied, and the court signed an order dismissing the action on November 16, 1993, for failure to comply with the preliminary conference order.

By motion dated December 30, 1993, plaintiff moved pursuant to CPLR 5015 (a) (1) to vacate the order, arguing that the default should be excused due to the death of plaintiff's mother, counsel's inability to contact the infant plaintiff, the incorrect calendaring of the argument date and a miscommunication with defense counsel concerning the adequacy of the most recent bill of particulars. Plaintiff included two affidavits of merit, her own and that of her neighbor, attesting that numerous complaints had been made to defendant concerning the constant presence of urine and refuse in the stairwell.

We disagree with the motion court's finding. To vacate a default pursuant to CPLR 5015 (a) (1), the movant must provide a reasonable excuse for the default and an affidavit of merit (*Shane v Philips Med. Sys.*, 162 AD2d 254, 255). In our view, the combination of the difficulties encountered by plaintiff's counsel in reaching his clients, due at least in part to the death of the infant plaintiff's mother, the apparent miscommunication between counsel and the inadvertent calendar error caused by law office failure, is a reasonable excuse for plaintiff's default (*see, Somersault, Inc. v Holmes Protection*, 211 AD2d 554, 554-555). Plaintiff also presented affidavits of merit which allege a continuing, dangerous condition on the stairwell and repeated complaints from tenants to defendant (*see, O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106; *Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294). Further, plaintiff's attorney's attempt to rectify his default was prompt, and there is no evidence of wilful or contumacious conduct.

In light of all these factors, and the principle that the law favors disposition of cases on the merits, we conclude that the court improvidently exercised its discretion in denying the motion to vacate (*see, Shane v Philips Med. Sys., supra; see also, Aldana v Hertz Penske Truck Leasing*, 226 AD2d 170). Concur— Murphy, P. J., Sullivan, Ellerin, Nardelli and Mazzarelli, JJ.