**19** SIGRID R. HERD, Appellant, v TOWN OF PAWLING, Respondent. [663 NYS2d 665] —In an action, *inter alia*, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), dated October 11, 1996, which granted the defendant's motion to preclude her from offering expert testimony at trial.

Ordered that the order is reversed, without costs or disbursements, that branch of the motion which was to preclude the plaintiff from offering at trial the testimony of William R. Colbert and Steven Stimson is denied, and that branch of the motion which was to preclude the plaintiff from offering at trial the testimony of Douglas Walcott, Nicholas Chapis, and Peter Muraski III is denied on condition that, within 30 days after service upon her of a copy of this decision and order with notice of entry, (1) the plaintiff provide a supplemental response to the defendant's expert demand pursuant to CPLR 3101 (d) (1) (i) stating (a) the substance of the facts and opinions about which Douglas Walcott and Nicholas Chapis are expected to testify and (b) the qualifications of Peter P. Muraski III, and (2) the plaintiff's attorneys pay the sum of $500 to the law offices of F. Douglas Novotny, and in the event the conditions are not complied with, that branch of the motion is granted.

After the plaintiff failed to respond to the defendant's CPLR 3101 (d) (1) (i) demand for expert information, the Supreme Court issued a conditional preclusion order. The plaintiff served a timely response identifying five expert witnesses and providing certain information. Contending that the plaintiff's response failed to fully comply with the statutory requirements,

the defendant moved for an order precluding the testimony of the five experts, and the court granted the motion.

We agree with the Supreme Court that the plaintiff's response was deficient in failing to fully set forth the substance of the facts and opinions about which the witnesses Douglas Walcott and Nicholas Chapis are expected to testify, and in failing to provide the qualifications of Peter P. Muraski III as required by CPLR 3101 (d) (1) (i). However, preclusion was not warranted under the circumstances. The plaintiff served a response in accordance with the court's conditional order. Although that response was inadequate in several respects, there is no evidence that the plaintiff intentionally withheld information (*see, Aldana v Hertz Penske Truck Leasing*, 226 AD2d 170; *Aversa v Taubes*, 194 AD2d 580; *Goens v Vogelstein*, 146 AD2d 606). Further, the information regarding the witnesses William R. Colbert, Steven Stimson, and Peter P. Muraski III sufficiently satisfied the statutory requirements, with the exception of the failure to provide Muraski's qualifications. Therefore, the plaintiff should be afforded one final opportunity to comply, provided that her attorneys pay a monetary penalty for their conduct in delaying the trial and generating additional motion practice (*see, Aversa v Taubes, supra*). Bracken, J. P., Joy, Altman and Goldstein, JJ., concur.