■ SHERMAN TAUB, Appellant, v ALAN BROCKMAN et al., Respondents. [706 NYS2d 387] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered September 10, 1999, which denied plaintiff's motion for time within which to conduct additional discovery and directed him to file a note of issue and proceed to trial, unanimously reversed, on the law, with costs, the above directions vacated and the matter remanded for further discovery with any disputes to be brought before the trial court.

In light of plaintiff's diligent efforts to conduct discovery and the non-responsive testimony of the defendant's witnesses who were deposed, the IAS Court improvidently exercised its discretion in curtailing the discovery process. The Referee, to whom the court referred the issue of discovery, specifically recommended the deposition of four witnesses without prejudice to plaintiff being allowed to demand additional discovery in the event such depositions failed to provide relevant information. Immediately upon completion of such deposition, plaintiff made a detailed request for still more discovery, which was denied by the court. In the absence of any showing of prejudice to defendants, the court should not have forced plaintiff to file a note of issue and go to trial without first providing him a reasonable opportunity to complete discovery (*Lipson v Dime Sav. Bank*, 203 AD2d 161, 163). Defendants failed to allege, much less establish, any prejudice that would result from allowing plaintiff to conduct the further discovery requested. Concur—Rosenberger, J. P., Wallach, Andrias and Friedman, JJ.