OPINION OF THE COURT
Joseph N. Giamboi, J.
Motion by defendant Hyundai Motor Company, also known as Hyundai Motor America and Bronx Auto Mall, Inc. (cumulatively Hyundai), for an extension of the 120-day time limit for the bringing of a summary judgment motion pursuant to CPLR 3212 and for partial summary judgment dismissing claims and causes of action relating to the lack of an air bag in the vehicle at issue, and to strike plaintiffs note of issue based upon plaintiffs alleged failure to comply with orders and demands for discovery, and plaintiffs cross motion are consolidated.
Plaintiff sues to recover for injuries suffered as the result of an automobile accident which occurred at approximately 1:00 p.m. on or about June 16, 1995. Plaintiff administrator Rafael Chevere was the owner/driver of a 1993 Hyundai Sonata automobile going north on Southern Boulevard, Bronx County. At the intersection of Southern Boulevard and East 180th Street, the Hyundai was struck by a 1980 Chrysler LeBaron being driven by codefendant Ricardo Lugo.[1] Manuela Chevere, wife of the driver Rafael, was in the front passenger seat and Augustine Navado was riding in the Hyundai’s rear passenger seat.
All three passengers in the Hyundai sustained injuries as a result of the collision. Manuela Chevere was removed to Jacobi Hospital where she died of her injuries. At the time of this accident, Manuela Chevere was secured into the vehicle only with the automatic shoulder harness and was not wearing the lap-type seat belt installed into the automobile.
This action was instituted on or about March 7, 1996. Plaintiff served the present note of issue and certificate of readiness on or about June 28, 1999.[2] Pursuant to CPLR 3212 (a), a motion for summary judgment is to be made within 120 days of the service of note of issue. This would set the outside date for filing such a motion as October 29, 1999. Hyundai now *451 requests an extension of the 120-day rule based on the language contained in CPLR 3212 allowing for such exception “with the leave of the court on good cause shown.”
As basis for this “good cause,” Hyundai refers the Court to the timing and content of the decision of the Supreme Court of the United States in Geier v American Honda Motor Co. (529 US 861), promulgated by the High Court on May 22, 2000.
The Geier case involved a claim brought by owner/motorist Alex Geier, who sustained injuries when he collided his 1987 Honda Accord into a tree. He contended that auto manufacturer, Honda, was negligent in failing to equip his automobile with a driver’s side air bag. It was conceded there that the auto as designed contained a three-point seat restraint safety system. It was further found by the Supreme Court that the 1984 Federal Motor Vehicle Safety Standards (FMVSS), promulgated by the United States Department of Transportation under the authority of the National Traffic and Motor Vehicle Safety Act of 1966,[3] contained standard FMVSS 208. FMVSS 208 required auto manufacturers to equip some and not all vehicles with “passive restraints,” i.e., an air bag.
In its decision, the United States Supreme Court held, inter alia, that due to the existence and language of FMVSS 208, plaintiff Geier’s cause of action, based upon his claim that Honda had been negligent in failing to design into the vehicle an air bag safety restraint, was “preempted” since this theory conflicted with Department of Transportation FMVSS 208. Accordingly, the Court affirmed the lower court’s grant of summary judgment in Honda’s favor. Within the specific language of the Geier decision, the Court stated that this ruling “abrogated” several prior state court decisions in New York, Ohio, Arizona, New Hampshire and Indiana which had ruled opposite. Indeed, the High Court clearly stated that their decision in Geier “abrogated” the New York State Court of Appeals decision in Drattel v Toyota Motor Corp. (92 NY2d 35 [1998]).
Based on the clear language in Geier, and the timing of its promulgation by the High Court, this Court finds that Hyundai has, in fact, established that “good cause” exists for the granting of an exception in this case to the 120-day rule of CPLR 3212 (a). This Court therefore accepts the summary judgment motion for dismissal as timely.
*452 Again based, upon the clear language and import of Geier, the Court grants the Hyundai motion for partial summary judgment to the extent of dismissing those claims and causes of action based on plaintiffs contention that auto designer and manufacturer Hyundai was negligent for not introducing into the design of plaintiffs car an air bag system. The Court further precludes introduction of testimony, expert or otherwise, tending to show that the presence of an air bag “may” have saved those injured in this accident, including the deceased, despite the fact that the evidence also shows that deceased was not wearing her lap restraint, or seat belt, at the time of her accident.
Plaintiffs complaint is not, however, summarily dismissed to the extent that the claim is made that the design of the safety belt restraint installed was defective or that Hyundai negligently failed to sufficiently warn passengers of the need to employ both the automatic shoulder harness and the voluntary lap belt.
Further, the Court, in its discretion, denies Hyundai’s request for an award of sanctions and/or legal fees to compensate it for their defense in this action. In so doing, this Court indicates that it does not find plaintiffs complaint, brought as it was before Geier, and continued to be prosecuted after the now abrogated Court of Appeals decision in Drattel, was “frivolous” within the meaning of the statute.
The consolidated motion brought to strike plaintiffs second note of issue due to plaintiffs alleged continuous failure to comply with discovery orders, and plaintiffs cross motion seeking preclusion of expert witnesses and award of sanctions, are decided as follows.
At the outset, the Court notes that this is only the latest in a long and labored series of motions related to discovery issues and alleged failures to comply with same. The Court record shows that there are already two well-defined outstanding orders of this Court, one from March of 1999 and the second from May of 2000, covering discovery matters. These outstanding orders, including the original voluntary order of discovery entered during the preliminary conference and signed by the Court on September 4, 1997, clarify, define and enumerate the obligations of one party to its opponent in this matter.
The rules of the courts of the State of New York clearly hold that discovery procedures are to be reasonable, open and professional. The statutes are to be liberally construed to allow for fairness and clarity to prevail and to support the ultimate *453 goal of an efficacious presentation of the relevant facts of the respective cases at trial.
This Court expects that both the letter, and the spirit of the outstanding discovery-related Court orders in this matter will be both respected and complied with. Indeed, this Court has previously acted to ensure such in the past; note its previous act of striking plaintiff’s first note of issue. (See also n 2.)
The Hyundai motion is granted to the extent that the outstanding orders of the Court shall be complied with within 30 days of the service upon plaintiff of a copy of this order with notice of entry. Said compliance shall include, but is not limited to, disclosure related to any regular medical provider who cared for, or provided medical-related service for, deceased Manuela Chevere during the period of three years which preceded to this accident.
Cross motion of plaintiff for preclusion of the testimony of the three proposed expert witnesses for Hyundai is granted only to the limited extent that these three witnesses shall omit from their testimony any reference or comment upon the air bag issue, said limitation consistent with the first portion of this decision and order of the Court. Cross motion is otherwise denied in all respects.
Should compliance not be substantially completed after the passage of 30 days from the date of service of a copy of this order with notice of entry upon plaintiff, Hyundai may move for preclusion or dismissal of complaint. (See CPLR 3126.) Further, should it become evident that either party, or counsel thereto, knowingly or deliberately engaged in the destruction of evidence covered by any outstanding discovery order, a motion seeking an imposition of monetary sanctions and/or award of costs shall be entertained by the Court. (See Hyosung [.Am.] v Woodcrest Fabrics, 106 AD2d 298 [1st Dept 1984], appeal dismissed on other grounds 64 NY2d 934 [1985]; Shane v Philips Med. Sys., 162 AD2d 254 [1st Dept 1990].)

. It is noted that Chevere has already obtained a default judgment in this matter in the case against Lugo.

. The Court notes that this was plaintiffs second note of issue in this matter. The first, originally filed had been stricken by this Court pursuant to its decision and order of March 22, 1999. The first note of issue was struck in response to Hyundai’s prior motion based on plaintiffs noncompliance with outstanding discovery orders.

. 80 US Stat 718, former 15 USC § 1381 et seq., recodified in 49 USC § 30101 et seq.