■ KENNETH STERLACCI, Respondent, v WATER STREET FEE, L. L. C., et al., Appellants and Third-Party Plaintiffs-Appellants. JOHN S. TILLEY LADDER CO., INC., et al., Third-Party Defendants-Respondents. [725 NYS2d 844] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered September 26, 2000, which, in an action for personal injuries under Labor Law § 240 (1), insofar as appealed from as limited by the briefs, denied defendants and third-party plaintiffs-appellants' cross motion to extend their time to complete disclosure in the third-party action, unanimously modified, on the facts, to allow the parties 30 days from the date of this order to complete disclosure in the third-party action, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered on or about December 11, 2000, which, insofar as appealed from, denied appellants' motion to reargue the order of September 26, 2000, unanimously dismissed, without costs, as taken from a nonappealable order.

The motion court should have granted the parties an extension of time to complete disclosure in the third-party action. At the time the court set the deadline for completion of third-party disclosure, issue had not yet been joined in the third-party action, and indeed the deadline was set in response to a previous motion by appellants, which they diligently made just one day after commencing the third-party action, to extend a previous deadline that was set in the preliminary conference order before any third-party actions had been commenced. Although issue was joined in the third-party action less than three weeks after the order setting the new deadline, only seven days remained to the deadline, leaving the parties without a reasonable opportunity to complete disclosure through no fault of their own (see, Kamhi v Dependable Delivery Serv., 234 AD2d 34; Lipson v Dime Sav. Bank, 203 AD2d 161). Concur—Sullivan, P. J., Nardelli, Williams, Mazzarelli and Saxe, JJ.