Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered April 3, 2012, which granted plaintiff’s motion to vacate a default judgment dismissing the action, and restored the case to the calendar, unanimously affirmed, without costs.
The motion to vacate was timely. The record contains no proof of service of the notice of entry of the default judgment; therefore, the one-year deadline of CPLR 5015 was not triggered (see CPLR 5015 [a] [1]; Donnelly v Treeline Cos., 66 AD3d 563, 564 [1st Dept 2009]).
Plaintiff demonstrated a reasonable excuse for her default. Indeed, the record shows that she and her husband, defendant on the counterclaim (together the Gottliebs), were misled by their former counsel concerning the status of the case (see CPLR 2005; Wilson v Misericordia Hosp., 244 AD2d 163 [1st Dept 1997]). The court properly exercised its discretion by conducting an in camera review of the withheld emails between plaintiffs husband and their former attorney (see PSKW, LLC v McKesson Specialty Arizona, Inc., 82 AD3d 567 [1st Dept 2011]). Defendants-appellants failed to show that it was necessary to invade the attorney-client privilege to ascertain the truth of the *581 Gottliebs’ assertions that they were misled by their former counsel regarding the default (see Credit Suisse First Boston v Utrecht-America Fin. Co., 27 AD3d 253 [1st Dept 2006]). Indeed, the Gottliebs’ former counsel did not deny their allegations in his affirmation or state when he notified them about the default.
Plaintiff has demonstrated that she has a potentially meritorious cause of action. Plaintiff submitted an affidavit from her expert, who opined that based on his review of defendant Northriver Trading Company LLC’s financial documents, plaintiff did not receive all the distributions to which she was entitled (see generally Reyes v New York City Hous. Auth., 236 AD2d 277, 279 [1st Dept 1997]). Furthermore, on a prior appeal in this action, this Court found issues of fact precluding summary judgment dismissing the complaint (58 AD3d 550 [1st Dept 2009]).
We have considered defendants-appellants ’ remaining arguments and find them unavailing. Concur—Tom, J.P, Acosta, Renwick, DeGrasse and Richter, JJ.