Matter of Adams v Adams (2020 NY Slip Op 07050)





Matter of Adams v Adams


2020 NY Slip Op 07050


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2019-11708
 (Docket No. F-4685-19)

[*1]In the Matter of Thomas Adams, appellant,
v
Deborah Adams, respondent.


Manners & Malone, PLLC, Westbury, NY (Randall K. Malone of counsel), for appellant.
Mazzara & Small, P.C., Bohemia, NY (Kathy B. Small of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Ellen R. Greenberg, J.), dated September 20, 2019. The order denied the father's objections to an order of the same court (Lisa M. Williams, S.M.) dated July 16, 2019, which denied the father's motion to amend his petition, inter alia, to modify or vacate a prior order of support and default judgments, and granted the mother's cross motion to dismiss the petition.
ORDERED that the order dated September 20, 2019, is affirmed, without costs or disbursements.
The parties, who are parents to two children, divorced in 1993. The judgment of divorce incorporated, but did not merge, a stipulation of settlement which provided that the father was to pay child support for his children until they reached the age of 23, if they were enrolled full-time in undergraduate college. The father incurred arrears, and judgments were entered for arrears of child support and attorneys' fees upon his default.
In a petition dated October 18, 2018, the father sought, inter alia, to modify or vacate the order of support, as well as the default judgments, claiming that certain Support Collection Unit (hereinafter SCU) accounts were duplicative of each other.
The mother cross-moved to dismiss the petition asserting, among other things, that the petition was untimely pursuant to CPLR 5015(a), and that Family Court Act § 451(1) precludes annulling or adjusting arrears that have already accrued prior to the filing of the petition. In an order dated July 16, 2019, the Support Magistrate, inter alia, granted the mother's cross motion to dismiss the petition, observing, among other things, that the three SCU accounts identified by the father were not duplicative, but rather represented different obligations. In an order dated September 20, 2019, the Family Court denied the father's objections to the Support Magistrate's order. The father appeals.
Contrary to the father's contention, the Family Court properly granted that branch of the mother's cross motion which was to dismiss so much of the petition as sought to vacate that [*2]portion of a judgment dated December 31, 1998, awarding attorneys' fees stemming from the underlying divorce proceeding. CPLR 5015(a)(1) insofar as it pertains to moving to vacate default judgments, requires that the movant make the motion within one year after service of the judgment, with notice of its entry, and that the movant demonstrate both a reasonable excuse for the default and a meritorious defense to the underlying petition (see Ashley v Ashley, 139 AD3d 650, 651; US Natl. Bank Assn. v Melton, 90 AD3d 742, 744). The father contended that he was never served with the judgment, and therefore the one-year time restriction contained in CPLR 5015(a)(1) was never triggered (see Gottlieb v Northriver Trading Co. LLC, 106 AD3d 580, 580). The father had been aware of the judgment dated December 31, 1998. Beginning in 2000, he had been subject to income execution, which he did not challenge, for the purpose of making payments towards the SCU account enforcing the judgment. Therefore, he waived his claim that he was not served with that judgment (see CPLR 5015[a][4]; Eastern Sav. Bank, FSB v Campbell, 167 AD3d 712, 715; Calderock Joint Ventures, L.P. v Mitiku, 45 AD3d 452, 453).
The father otherwise failed to demonstrate a reasonable excuse for his default, and we therefore need not consider whether he had a meritorious defense (see CPLR 5015[a][1]; Matter of Conwell v Booth, 66 AD3d 773, 773).
Moreover, to the extent that the father's petition invoked the Family Court's power to modify, vacate, or enforce a judgment or support order, the Family Court would have no discretion to reduce the arrears, which is the outcome ultimately sought by the father (see Family Ct Act § 451[1]; Matter of Cadwell v Cadwell, 124 AD3d 649, 650; Matter of Suffolk County Dept. of Social Servs. v Spinale, 57 AD3d 681, 683).
The father's remaining contentions are without merit.
RIVERA, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court