| |
|---|
| **M.B. v Roman Catholic Diocese of Brooklyn** |
| 2024 NY Slip Op 33876(U) |
| October 29, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 526856/2019 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# KINGS COUNTY

PRESENT:  HON. SABRINA B. KRAUS

*Justice*

-----------------------------------------------------------------------X

M.B,

Plaintiff,

ROMAN CATHOLIC DIOCESE OF BROOKLYN,

Defendant.

-----------------------------------------------------------------------X

| PART | CVA 1/ 57 |
|---|---|
| INDEX NO. | 526856/2019 |
| MOTION DATE | 10/25/2024 |
| MOTION SEQ. NO. | 003 004 |

### DECISION + ORDER ON MOTION

The following e-filed documents, listed by NYSCEF document number (Motion 003) 62 – 82; 100- 109; 120

were read on this motion to/for                                  VACATE                        .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 87 – 99; 110 – 119; 121

were read on this motion to/for                                  STRIKE                        .

## BACKGROUND

This is action was brought pursuant to the New York Child Victims Act, CPLR § 214-g.

Plaintiff makes the following allegations in the complaint.

Plaintiff, when he was a minor, was sexually assaulted by Father Romano Ferraro

("Ferraro"), a priest of the Diocese of Brooklyn ("Diocese") and serial pedophile. The Diocese

was made aware of Ferraro's pedophilia in approximately 1955, when Ferraro was still in the

seminary. Despite its alleged knowledge of Ferraro's conduct, Ferraro was allowed to complete

his training and was sent on various assignments throughout Brooklyn and Long Island, New

York and the United States. Ferraro continued to sexually assault and abuse children until his

removal from the Church in 2002. The Diocese and the Church were made aware of Ferraro's assaults and acts several times throughout the course of tenure in the Church. Ferraro is currently serving a lifetime prison sentence in Massachusetts for the rape of a seven (7) year old child.

Plaintiff was raised in a devout Catholic family. Ferraro served as the family Priest. In or around 1987 to 1995, when the Plaintiff was approximately five (5) to twelve (12) years old, Plaintiff would often spend weekends at his grandparent's house, particularly in the summer and for holidays. Ferraro would typically be there. Ferraro also attended numerous family functions, including holidays and birthdays at the houses of Plaintiff's family members, including his grandparents and his aunt. Ferraro appeared in priest garb and served in his pastoral and ministerial role as priest. At night, Ferraro would sleep with Plaintiff on the couch downstairs while his grandparents slept upstairs. On these occasions, Ferraro would isolate Plaintiff, either alone or with one of his brothers. Ferraro sexually assaulted or abused Plaintiff on these occasions. The acts of sexual assault and abuse committed by Father Ferraro included, but were not limited to, inappropriately touching Plaintiff and fondling Plaintiff's genitalia.

## RELEVANT PROCEDURAL HISTORY

On November 12, 2021, the Diocese provided plaintiff with a heavily redacted copy of Ferraro's personnel file, with a log pertaining to the redactions.

On December 18, 2023, at a compliance conference held in this and related matters, Plaintiff requested leave of the court to compel production of the unredacted file of Ferraro. At the direction of this Court, Plaintiff and Defendant filed letter briefs regarding the redactions that were made to Father Romano Ferraro's personnel file.

On July 31, 2024, after an *in camera* review, this Court held that the Diocese must produce hundreds of previously redacted pages in unredacted form.

526856-19 MB v ROMAN CATHOLIC DIOCESE OF BROOKLYN
Motion Seq 003 & 004

To date Defendant has failed to comply with the order.

## PENDING MOTIONS

On October 22, 2024, Defendant move pursuant to CPLR §2221(a) for an order vacating the Court's order directing the production of the specified unredacted pages and for related relief. Defendant asserts it makes this motion primarily for the purpose of creating an appealable order.

On October 25, 204, Plaintiff cross-moved for an order striking Defendant's answer pursuant to CPLR 3126 and for related relief.

As the Court has already considered the issues raised herein in the previous order issued the motion to vacate is denied, and Plaintiff's cross-motion to strike pursuant to CPLR 3126 is conditionally granted as set forth below.

## DISCUSSION

The Court agrees that Defendant has engaged in a persistent campaign to delay discovery in this and related actions.

The Court finds no legal or factual basis to issue a protective order, if the Court believed such basis to exist it would not have ordered the redacted pages produced over Defendant's objections. The memorandum of law in support of this motion simply contains the arguments previously made by Defendant and rejected for the reasons set forth by the Court in its prior order. Nor does the Court find there is any basis to further delay Defendant's compliance with this order, as noted Plaintiff has been seeking this file since 2021.

Turning to the cross-motion, the Court finds it is appropriate to conditionally grant the relief sought by Plaintiff. CPLR § 3126 vests this Court with broad discretion regarding the nature and severity of sanctions to impose upon a party that "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" or

526856-19 MB v ROMAN CATHOLIC DIOCESE OF BROOKLYN
Motion Seq 003 & 004

"frustrates the disclosure scheme." *Kihl v. Pfeffer*, 94 NY2d 118, 122 (1999); *Zletz v. Wetanson*, 67 NY2d 711, 713 (1986); *see Ortega v. City of New York*, 9 NY3d at 69, 76, 79 (2007); *Berman v. Szpilzinger*, 180 AD2d 612 (1st Dept 1992); *Brandi v. Chan*, 151 AD2d 853, 854 (3d Dept 1989), lv dismissed 75 NY2d 789 (1990).

The Court finds Defendant's failure to comply with discovery orders and demands to be dilatory, obstructive and contumacious. *See Kutner v Feiden, Dweck & Sladkus*, 223 AD2d 488 (1st Dept 1998). However, under the circumstances of this case, a conditional order of dismissal, giving Defendant a final chance to comply with the previous court orders to produce the file, is more appropriate than outright dismissal.

Therefore, the branch of Plaintiff's cross-motion which seeks to strike the answer is granted to the extent that Defendant's answer will be stricken pursuant to CPLR 3126 unless the redacted pages are produced to Plaintiff on or before November 18, 2024.

This order shall be self-executing, and will become absolute upon Defendant's failure to comply, without the necessity of further motion practice. See *Standard Fire Ins. Co. v Federal Pacific Electric Co.*, 14 AD3d 213 (1st Dept. 2004); *Lopez v City of New York*, 2 AD3d 693 (2nd Dept. 2003).

The Court has considered the other relief sought by both parties and finds said relief unwarranted.

This constitutes the decision and order of the Court.

_____
10/29/2024
DATE

_____
HON. SABRINA KRAUS

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

526856-19 MB v ROMAN CATHOLIC DIOCESE OF BROOKLYN
Motion Seq 003 & 004

Page 4 of 4