| |
|---|
| **D.B. v Roman Catholic Diocese of Brooklyn** |
| 2024 NY Slip Op 33893(U) |
| October 30, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 523812/2019 |
| Judge: Sabrina Kraus |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# KINGS COUNTY

PRESENT:     **HON. SABRINA B. KRAUS**

*Justice*

--------------------------------------------------------------------X

D.B.,

Plaintiff,

ROMAN CATHOLIC DIOCESE OF BROOKLYN,

Defendants.

--------------------------------------------------------------------X

| | |
|---|---|
| PART | CVA 1/ 57 |
| INDEX NO. | 523812/2019 |
| MOTION DATE | 10/25/2024 |
| MOTION SEQ. NO. | 002<br>003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 51 – 71; 87 – 96; 107 were read on this motion to/for _____ VACATE _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 003) 74 – 86; 97 – 106; 108 were read on this motion to/for _____ STRIKE _____ .

## BACKGROUND

This is action was brought pursuant to the New York Child Victims Act, CPLR § 214-g.

Plaintiff makes the following allegations in the complaint.

Romano Ferraro (Ferraro) entered seminary in or about 1954 and was ordained as a priest in May 1960. Prior to ordination, Ferraro left the seminary because he was conflicted over his sexual proclivity for boys. Diocesan officials, advised by Ferraro of this issue, convinced Ferraro to return to the seminary and continue to pursue a career in the priesthood.

523812/19 DB v ROMAN CATHOLIC DIOCESE OF BROOKLYN
Motion Seq 002 & 003

[* 1]

He was ordained as a Priest by the Diocese of Brooklyn in May 1960. Ferraro sexually abused boys from the beginning of his tenure as a Priest, preferring boys ages 12 - 15. He sexually abused numerous children over decades as an active Priest of the Diocese of Brooklyn.

Ferraro was transferred between different assignments in the Diocese until being assigned to the United States Navy as a Military Chaplain in or about 1968 and was dishonorably discharged from the Navy in approximately 1970, based on an allegation of child sexual abuse. Upon returning from his stint in the U.S. Navy as a Military Chaplain, the Diocese assigned Ferraro to St. Rose of Lima. At this point, Ferraro had used his position as a Priest to sexually abuse numerous boys whom he had encountered and groomed in his parish and military assignments.

Ferraro continued his sexual assaults of children through the 1970's and 1980's, including in assignments outside the territory of the Diocese: St. Louis, Missouri, New Jersey, and Staten Island.

In approximately 1988-89, after yet another allegation of child sexual abuse, the Diocese sent Ferraro to St. Luke Institute, an evaluation and treatment facility for pedophile clergy in Maryland.

Ferraro was arrested in 2002 for the sexual abuse of a boy seven years old in Massachusetts, convicted, and sentenced to life in prison.

Plaintiff was raised in a devout Catholic family. Ferraro was the family Priest and would offer to minister and serve as Priest in occasions in the Plaintiff's home and in the homes of his family relatives, including the homes of his grandparents and his aunt. At these functions or events, Ferraro would conduct mass, officiate, and preside as Priest, in his full priest garb. On these occasions, Ferraro would isolate Plaintiff, either alone or with one of his brothers, and fondle Plaintiffs genitalia.

Plaintiff witnessed Ferraro fondling his brother's genitalia. These sexual assaults occurred when Plaintiff was a young child, approximately 8 to 12 years old, in or around 1987 - 1991. Plaintiff was very close with his grandparents and would often sleep over at their house. Ferraro would also sleep there. At night, Ferraro would sleep with Plaintiff on the couch downstairs while his grandparents slept upstairs. Ferraro sexually assaulted or abused Plaintiff on these occasions.

In grooming Plaintiff, Ferraro would give cash to Plaintiff to gain his trust and facilitate his sexual assaults.

In February of 2019, the Diocese released a list of over 100 Priests, whom it deemed credibly accused of child sexual abuse. These Priests are acknowledged to have abused children within the Diocese of Brooklyn over decades. The list includes the name of Ferraro, and states that he was laicized, in 2011.

Despite receiving credible allegations of child sexual abuse against Priests, the Diocese acted to conceal these allegations to avoid scandal. This concealment was in accordance with a policy of the Diocese, as agent, and the Holy See, as principal.

Ferraro died in January 2023

## RELEVANT PROCEDURAL HISTORY

On November 12, 2021, the Diocese provided plaintiff with a heavily redacted copy of Ferraro's personnel file, with a log pertaining to the redactions.

On December 18, 2023, at a compliance conference held in this and related matters, Plaintiff requested leave of the court to compel production of the unredacted file of Ferraro. At the direction of this Court, Plaintiff and Defendant filed letter briefs regarding the redactions that were made to Father Romano Ferraro's personnel file.

On July 31, 2024, after an *in camera* review, this Court held that the Diocese must produce hundreds of previously redacted pages in unredacted form.

To date Defendant has failed to comply with the order.

## PENDING MOTIONS

On October 22, 2024, Defendant move pursuant to CPLR §2221(a) for an order vacating the Court's order directing the production of the specified unredacted pages and for related relief. Defendant asserts it makes this motion primarily for the purpose of creating an appealable order.

On October 25, 204, Plaintiff cross-moved for an order striking Defendant's answer pursuant to CPLR 3126 and for related relief.

As the Court has already considered the issues raised herein in the previous order issued the motion to vacate is denied, and Plaintiff's cross-motion to strike pursuant to CPLR 3126 is conditionally granted as set forth below.

## DISCUSSION

The Court agrees that Defendant has engaged in a persistent campaign to delay discovery in this and related actions.

The Court finds no legal or factual basis to issue a protective order, if the Court believed such basis to exist it would not have ordered the redacted pages produced over Defendant's objections. The memorandum of law in support of this motion simply contains the arguments previously made by Defendant and rejected for the reasons set forth by the Court in its prior order. Nor does the Court find there is any basis to further delay Defendant's compliance with this order, as noted Plaintiff has been seeking this file since 2021.

Turning to the cross-motion, the Court finds it is appropriate to conditionally grant the relief sought by Plaintiff. CPLR § 3126 vests this Court with broad discretion regarding the nature

523812/19 DB v ROMAN CATHOLIC DIOCESE OF BROOKLYN
Motion Seq 002 & 003

and severity of sanctions to impose upon a party that "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed" or "frustrates the disclosure scheme." *Kihl v. Pfeffer*, 94 NY2d 118, 122 (1999); *Zletz v. Wetanson*, 67 NY2d 711, 713 (1986); *see Ortega v. City of New York*, 9 NY3d at 69, 76, 79 (2007); *Berman v. Szpilzinger*, 180 AD2d 612 (1st Dept 1992); *Brandi v. Chan*, 151 AD2d 853, 854 (3d Dept 1989), lv dismissed 75 NY2d 789 (1990).

The Court finds Defendant's failure to comply with discovery orders and demands to be dilatory, obstructive and contumacious. *See Kutner v Feiden, Dweck & Sladkus*, 223 AD2d 488 (1st Dept 1998). However, under the circumstances of this case, a conditional order of dismissal, giving Defendant a final chance to comply with the previous court orders to produce the file, is more appropriate than outright dismissal.

Therefore, the branch of Plaintiff's cross-motion which seeks to strike the answer is granted to the extent that Defendant's answer will be stricken pursuant to CPLR 3126 unless the redacted pages are produced to Plaintiff on or before November 18, 2024.

This order shall be self-executing, and will become absolute upon Defendant's failure to comply, without the necessity of further motion practice. See *Standard Fire Ins. Co. v Federal Pacific Electric Co.*, 14 AD3d 213 (1st Dept. 2004); *Lopez v City of New York*, 2 AD3d 693 (2nd Dept. 2003).

The Court has considered the other relief sought by both parties and finds said relief unwarranted.

This constitutes the decision and order of the Court.

**10/30/2024**
**DATE**

HON. SABRINA KRAUS

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | x | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

523812/19 DB v ROMAN CATHOLIC DIOCESE OF BROOKLYN
Motion Seq 002 & 003

[* 6]